Ralston v. Lahee.

RALSTON *v.* LAHEE.

An infant defendant is as much bound by a decree in equity against her, as a person of full age; and, consequently, if there be an absolute decree against a defendant who is under age, he or she will not be permitted to dispute it, unless upon such grounds as an adult might have disputed it—as fraud, collusion or error.

To impeach a decree in equity, against an infant, on the ground of fraud or collusion, the infant may proceed either by bill of review, or by original bill. To impeach it on the ground of error, the infant may proceed by original bill, and he is not obliged to wait, for that purpose, until he has arrived at the age of twenty-one years.

In ordinary cases, where an infant is allowed time, after her arrival at the age of twenty-one years, to show cause against a decree, the decree, in such cases, is deemed complete, but the infant has the time allowed to show cause against it. If no cause is shown, within the time specified, the infant is bound.

After the infant comes of age, and before the decree is made absolute, she may, as a matter of course, on motion, obtain leave to amend the answer filed by her guardian, or to put in a new one. By the new, or amended answer, she may make a better defense, and support that defense by new evidence; and, for that purpose, may file a bill of discovery.

An infant defendant, wishing to make a new defense to a decree in equity,

must apply to the court as early as possible, after obtaining the age of twenty-one years; for if she is guilty of any *laches*, her application will be refused.

An infant defendant may either impeach a decree in equity, on the ground of fraud or collusion between the complainant and her guardian, or she may show error in the decree. She may also show that she had grounds of defense, which were not before the court, or were not insisted on at the hearing; or that new matter has subsequently arisen, upon which the decree may be shown to be wrong.

Where an erroneous decree has been obtained against an infant, and the error is not in the judgment of the court, but in the facts on which the judgment is founded—as where there has been fraud or collusion between the complainant and the guardian *ad litem*, or where there has been any deception, or any surprise, upon the court, the infant may, either during infancy or afterwards, investigate the decree by a bill of review, or by original bill; and this, although the ground of complaint against the decree, is confined to error.

In such cases, the proceeding on which the decree is founded, is treated as fraudulent—it being considered fraudulent to take advantage of the incompetency of the infant to defend herself.

An infant is not bound by admissions made in his or her behalf, unless such admissions are for the benefit of the infant.

Where there is an infant defendant, and it is necessary, in order to entitle the plaintiff to the relief he prays, that certain facts should be before the court, such facts, although they might be the subject of admission on the part of adults, must be proved against the infant.

There can be no valid decree against an infant, by default, nor on the answer of a guardian.

But where in a proceeding to reach the equitable interest of a judgment debtor in real estate, against the debtor and his infant daughter, in whose name the title had been taken, the guardian *ad litem* of the infant, in his answer, admitted the judgment against the father—that execution issued thereon, had been returned "no property found"—that the father had no property out of which the judgment could be satisfied—that the said infant was the daughter of the said judgment debtor—and that the title to one of the lots in controversy, was in the said infant—and denied the other allegations of the bill; *Held*, That as the substantial matters admitted in the answer of the guardian, were matters of record, the court could not presume that the decree was rendered on the admissions of the guardian; and that those admissions did not prejudice the rights of the infant.

A guardian *ad litem* may be appointed, either on the motion of the plaintiff, or the defendant, in an action, but the court will not permit an adverse party to select the guardian for the infant.

The fact that a guardian *ad litem*, at the time of his appointment, and at

the date of the decree, was interested against the infant in the subject matter of the controversy, is not such conclusive evidence of fraud as to authorize the setting aside of the decree, for that reason alone, unless it is shown further, that the guardian made use of his position, to work some injury to the interest of the infant.

Infants are as much bound by the conduct of those who conduct their case as adults, provided their conduct be *bona fide;* and where the solicitor of an infant, consents to take the evidence in a proceeding in chancery by affidavit, instead of depositions upon interrogatories, the infant will be bound thereby.

Where a decree has been rendered against an infant, and she afterwards succeeds in showing that it ought not to have been rendered, the court will place her, as far as practicable, in the situation in which she was before the decree was made.

In a proceeding to set aside a decree in equity, and a sale under such decree, all the parties to the decree, and the purchaser at the sale, should be made parties defendant, and brought into court; and unless this is done, the court cannot properly adjudge the decree void.

*Appeal from the Des Moines District Court.*

MONDAY, APRIL 4..

IN THE year 1844, Charles H. Miller filed his bill in chancery in the district court of Des Moines county, against Robert Ralston, and Mary H. Ralston, his daughter, to subject to the payment of a judgment in his name against said Robert Ralston, lots 238 and 239, A., in Burlington, the title to which was alleged to have been procured to be made from the United States by the said Robert to his infant daughter, the said Mary H., while he, the said Robert, was largely indebted to his creditors, and among others to the said Miller. It was further alleged that the said lots were the property of the said Robert, and that at the time the title was so taken in the name of said Mary H., the said Robert was unable to pay his debts, and had no property from which the same could be made; and that the purchase money for the same was paid by the said Robert, and all the improvements upon the lot were erected by the said Robert, and paid for out of his own means.

At the October term, 1847, the cause came on to be

heard, upon the complainant's bill, and the answers of said Robert Ralston, and of said Mary H., by her guardian *ad litem*, James W. Grimes, and the evidence in the cause; and it was by the court decreed that the said lots be sold by the sheriff to satisfy the complainant's judgment; that the proceeds be applied for that purpose first; and that any surplus remaining should be paid over to the said James W. Grimes, as prayed for by said Grimes, and decreed by the court, upon his petition to that effect filed in said cause. It was also further decreed by the court, that the said Mary H. Ralston be allowed a year and a day after she should arrive at the age of twenty-one years, to show cause against and to set aside said decree.

The present bill was filed by the said Mary H. Ralston in February, 1856, alleging that she arrived at the age of twenty-one years on the 21st of June, 1855, and not before; and she prays that for error in the decree of the court in the suit of *Miller* v. *Ralston*, the same may be reversed and held for naught, and that the sale of the said lots, made by the sheriff under said decree, be set aside, and the sheriff's deed cancelled. The errors alleged are:

1. That the said decree was made without any legal and sufficient answer on the part of said Mary H.

2. That the order appointing a guardian *ad litem*, was made on the application of the complainant in said suit.

3. That the guardian appointed was interested against the said Mary H., in one of the said lots, at the time of his appointment, and at the date of the said decree.

4. That the court permitted evidence to be received against the said infant, by consent of her said guardian, which otherwise was inadmissible; and received and acted on admissions made by her said guardian, which could not legally be made for her, she being an infant defendant.

It is charged in said bill, that the complainant, being an infant of tender years, could not, and did not, appear in defense of said suit; that the district court, without her knowledge or concurrence, and on the application of the

said Miller, appointed a guardian *ad litem* for her; that said guardian, at the time of his said appointment, was then claiming to be interested in said lot number 238, adversely to his said ward, as a pretended purchaser of the same from said Robert Ralston, which said interest was not disclosed to the court, but was fraudulently suppressed; that an answer was put in by said guardian, admitting a portion of the facts charged in the bill; that the answer was not verified by the oath of the said guardian; that no replication thereto was filed; that the said guardian consented that certain affidavits should be used as evidence in the cause; that the decree rendered, after directing that the said lots be sold to satisfy the judgment of Miller, further directed that the surplus, if any, should be paid over to said guardian, on his individual claim against said Robert Ralston, as the purchaser from him of said lot number 238; and that at the said sale by the sheriff, the said guardian became the purchaser of said lots, at the price of ten dollars each, and received a deed of conveyance for the same from the sheriff.

By an amended bill of complainant, it is alleged that the purchase of the said lots by the guardian, and the conveyance of the same to him by the sheriff, were fraudulent and void as to complainant; and that the said decree and sale ought to be vacated and set aside; and it is prayed, that for such fraud, the same may, by decree of the court, be set aside, or that the present holder of said lots be decreed to convey to complainant.

The complainant makes defendants to her bill, John Lahee, who, it is alleged, is in possession of the lots, claiming to be the owner of the same by virtue of title derived from Grimes, the purchaser at sheriff's sale, and Miller and Ralston, the parties to the original suit; but the latter are not served with notice, and make no defense. Lahee answers, denying the allegations of the bill, and particularly denying all fraud, and averring that he is an innocent purchaser of said lots, in good faith, without notice, and for a valua-

ble consideration, from Jos. Greenough, who purchased of Grimes, the holder of the title under the sheriff's sale.

The court rendered a decree in favor of the complainant, adjudging the right and title of the premises to be in her, and that the title of the defendant, Lahee, as against her, was fraudulent. The title of Lahee was, therefore, vacated and set aside, and the complainant quieted in her title as against him. From this decree, the defendant has appealed.

*C. Ben Darwin*, for the appellant, cited McPherson on Infants, 254–261; 1 A. K. Marsh., 400; 5 Monroe, 452; 5 Blackf., 328; 7 Dana, 479; 6 Ib., 88; 8 B. Monr., 105; 12 Ib., 471; 7 Ib., 56; 3 A. K. Marsh., 254; 2 Ib., 167; 2 How., (U. S.), 341; Rev. Stat., 1843, 105; 13 Pick., 272; 2 Paige, 64, 101.

*David Rorer*, for the appellee.

This is not a bill of review, but to set aside decree and sale for fraud. It is not a continuation of the old, but is an original proceeding, to remove the cloud from complainant's title, created by a void proceeding.

I. The guardian *ad litem* admitted facts, and also admitted unsworn testimony in evidence, and *ex parte* affidavits also; and did not, by answer, controvert the truth of the bill. It was his special duty to contest every point; and however his failing to do so might not affect a stranger purchasing under the decree, it does void the purchase, when made by such guardian himself. *Knickerbocker* v. *De Forest*, 2 Paige, 304; 13 Pick., 272; 2 Paige, 64 and 101. For he that is entrusted with the interest of others, cannot be allowed to make an interest thereof to himself. *Buckles* v. *Lafferty*, 2 Rob., 292, and note to p. 301; *Van Epps* v. *Van Epps*, 9 Paige, 241; *Torry* v. *Bank of New Orleans*, 9 Ib., 663; 2 Kent's Com., Tit. Guardian and Ward, 229 and note; 1 Story's Eq., secs. 308, 309, 317, 322, 323, 337;

2 Story's Eq., sec. 1261–1265 ; *Jackson* v. *Samsbaugh et al.*, 10 Johns., 435 ; *Bank U. S.* v. *Ritchie*, 8 Peters, 128 ; *Walker* v. *Ferrin*, 4 Vermt., 523 ; *Rogers* v. *Cruger*, 7 Johns., 557 ; *Hite* v. *Hite*, 2 Rand., 409 ; *Henry et al.* v. *Taylor*, 15 How., 494 ; 1 Am. Lead. Cases, 264 ; 1 Parsons Con., 115, 116 ; *Stanley* v. *Branan*, 7 Blackf., 193 ; *Wright* v. *Miller*, 1 Sand. Ch., 104 ; *Matthewson* v. *Sprague et al.*, 1 Curtis, 457 ; *Taylor's Heirs* v. *Parker*, 1 Smith (Ind.), 225 ; *James* v. *James*, 4 Paige, 115 ; *Walton* v. *Coulson*, 1 McLean, 120.

II. By the papers on file, the guardian *ad litem* is shown to have had an interest at the time of the decree, adverse to, or in conflict with the minor. This renders the decree fraudulent in law and void, and the guardian was a witness against his ward, which, also, as against the claim of the guardian, is fraudulent and void. *Payton* v. *Robinson*, 1 Sim., 390 ; *Payton* v. *Bond*, 1 Sim., 390 ; 3 Eng. Ch., 196 ; *Parker* v. *Lincoln*, 12 Mass., 16.

III. But this is alleged to be simply a bill of review, and is objected to as such. If it were, it were sufficient to vacate the proceedings. *Mosier's Heirs* v. *Graham's Adm'r*, 3 McLean, 42, 43 ; *Ross* v. *Prentiss*, 4 Ib., 107 ; *Root* v. *Stone*, 2 Leigh, 650.

IV. The defendant, Lahee, cannot place himself upon the principle of protection to an innocent purchaser, if this be considered a bill of review. *Clark* v. *Marshall*, 4 Dana, 95. Nor, if a bill in the nature of an original bill for fraud, as we allege it to be. For, in either event, he, (Lahee), is a purchaser with notice, by the recitals in the deeds under which he purchases and makes title. *Oliver* v. *Piatt*, 3 How., (U. S.), 410 ; Hill on Trustees, (marg.), 513 ; *Robins* v. *McMillen*, 26 Miss., 434 ; *Wales* v. *Cooper et al.*, 24 Ib., 228 ; *Brush* v. *Ware*, 15 Pet., 111.

STOCKTON, J.—An infant defendant is as much bound by a decree in equity against her, as a person of full age ; therefore, if there be an absolute decree against a defendant

who is under age, she will not be permitted to dispute it, unless upon such grounds as an adult might have disputed it : as fraud, collusion, or error. To impeach the decree on the ground of fraud or collusion, she may proceed either by bill of review, or by original bill. To impeach it on the ground of error, she may proceed by original bill ; and she is not obliged to wait for that purpose until she has arrived at the age of twenty-one. 1 Danl. Ch. Practice, 205. In ordinary cases, where an infant is allowed time after her arrival at the age of twenty-one years, to show cause against a decree, the decree, in such cases, is deemed complete ; but the infant has the time allowed to show cause against it. If no cause is shown within the time specified, the infant is bound. McPherson on Infants, 412 ; 1 Danl. Ch. Practice, ch. 4, sec. 8.

After the infant comes of age, and before the decree is made absolute, she may, as a matter of course, obtain leave, on motion, to amend her answer, or to put in a new one. *Stephenson* v. *Stephenson*, 6 Paige, 353 ; *James* v. *James*, 4 Ib., 115. For, this permission to show cause against the decree, would be merely nugatory, if the infant were bound by the answer of the guardian. By the new answer, she may make a better defense, and support that defense by evidence ; she may examine witnesses anew, and may file a bill of discovery. McPherson on Infants, 415. An infant defendant wishing to make a new defense, must apply to the court as early as possible after attaining the age of twenty-one years ; for, if she is guilty of any *laches*, her application will be refused. *Mason* v. *Debow*, 1 Hayward, 178 ; 1 Danl. Ch. Practice, 216.

She may either impeach the decree on the ground of fraud or collusion between the plaintiff and her guardian, or she may show error in the decree. She may also show that she had grounds of defense, which were not before the court, or were not insisted on at the hearing ; or that new matter has subsequently arisen, upon which the decree may be shown to be wrong. 1 Danl. Ch. Pr., ch. 4,

Ralston v. Lahee.

sec. 8, 222. If an erroneous decree has ·been obtained against the infant, and the error is not in the judgment of the court, but in the facts on which the judgment is founded —as where there has been fraud or collusion between the plaintiff and the guardian *ad litem*—or if there has been any deception, or any surprise upon the court, the infant may, either during her infancy or afterwards, investigate the decree by a bill of review, or by original bill; and this, although her ground of complaint against it is confined to error. The proceeding on which the decree against her has been founded, is treated as fraudulent—though this expression may not, in its ordinary acceptation, be applicable to the transaction; it being considered fraudulent to take advantage of the incompetency of the infant to defend herself. McPherson on Infants, 430, 431.

The bill of complaint, ·in this case, is not a bill of review; but is an original bill to set aside the decree and sale of the lots in controversy, for fraud. The complainant does not ask to be allowed to put in a new answer in the suit of Miller; nor to amend the answer put in for her by her guardian. But she complains that there was error in the decree rendered, and prays that the same may be reversed; and that the sale of the lots be set aside, and the deed made by the sheriff, cancelled. By her amended bill, she charges that the defense made for her by her guardian, was fraudulent in law; that the purchase of the lots by the said Grimes, and the deed to him by the sheriff, was, as against her, fraudulent and void. And she prays that, for fraud in the defense made by the guardian, the decree and sale be set aside, and that the defendant, Lahee, the present holder of the title derived from Grimes, the purchaser at sheriff's sale, may be decreed to convey the said lots to the complainant.

The first objection urged by the complainant to the decree of the district court is, that it was made without any sufficient answer on her part, by the guardian appointed for her. It seems that two answers were put in by the guardian. In one, the guardian, averring that he knows nothing of the

truth of the allegations of the complainant's bill, admits none of them to be true, and leaves the complainant to the proof. In the other answer, the guardian admits that judgment has been recovered, as alleged by said Miller, against said Robert Ralston; that execution issued thereon, had been returned, "no property found;" that said Ralston had no property out of which said judgment could be satisfied; that the said Mary H. is the daughter of said Robert Ralston; and that the title of said lot, 239, A., is in the said infant. The other allegations of the bill are denied.

An infant is not bound by admissions made in his or her behalf, unless such admissions are for the benefit of the infant; and where there is an infant defendant, and it is necessary, in order to entitle the plaintiff to the relief he prays, that certain facts should be before the court, such facts, although they might be the subject of admission on the part of adults, must be proved against the infant. There can be no valid decree against an infant, by default, nor on the answer of her guardian. *Mills* v. *Dennis*, 3 Johns. Ch., 367; *Massie* v. *Donaldson*, 8 Ohio, 377; *Walter* v. *Coulson*, 1 McLean, 125; *Chalfant* v. *Monroe*, 3 Dana, 35; 1 Danl. Ch. Prac., ch. 4, sec. 8; *French* v. *French*, 8 Ohio, 381.

We do not see, however, that the admissions made by the guardian, in this instance, went to prejudice the rights of the infant, the present complainant. The judgment recovered against Robert Ralston, and the return of the execution issued thereon, were part of the records of the court, and we cannot assume that the decree was made upon these admissions, or upon the other fact admitted by the guardian, that the said Mary H. was the daughter of the said Robert Ralston. The material facts alleged, on which the prayer of the complainant, Miller, was based—as that the title of the lots was by the said Robert, taken in the name of his infant daughter, Mary H., in order to prevent the same from being reached by his creditors; that the purchase money was paid by the said Robert, and not by the said Mary H.; that the improvements on said lots were made by the said Robert,

and paid for by his own means ; and that the said Mary held the title in her own name, as the trustee of said Robert; these are all denied by the answer of the guardian, and were required to be proved by the said Miller, before any decree could be rendered in his favor.

The second objection urged is, that the appointment of the guardian *ad litem*, was made on the application of the complainant in said suit.    In *Knickerbocker* v. *Defreest*, 2 Paige, 304, it is said that " the court never selects a guardian *ad litem*, on the nomination of the adverse party."    By this, it is understood, that the court will not permit the adverse party to choose the guardian for the infant.    Subject to this rule, it is held that the guardian may be appointed either on the motion of the plaintiff, or of the defendant. McPherson on Infants, 396 ; *Williams* v. *Wijun*, 10 Vesey, 159.    There is nothing in the record to show that the adverse party selected the person appointed guardian for the infant.

The third objection urged is, that the guardian appointed was interested against the infant, his ward, in one of the said lots, at the time of his appointment, and at the date of the decree.    This fact might have afforded a sufficient reason for removing the guardian, and for the appointment of some other person.    But unless it is shown that the guardian appointed, made use of his position as such, to work some injury to the interest of the infant, the mere fact that he was interested in the title of one of the lots, is not such conclusive evidence of fraud, as to authorize the setting aside the decree for that reason alone.

The fourth objection is based upon the reception of evidence by the court, by permission of the guardian, which was otherwise inadmissible ; and upon the fact that the court received and acted upon admissions made by the guardian, which he had no right to make, and by which the infant was not bound.    This objection refers more particularly to the affidavits of certain persons, made and filed in the cause, and used by consent of parties, instead of the testimony

being taken upon interrogatories, in the usual form of depositions. Infants are as much bound by the conduct of those who conduct their case, as adults, provided their conduct be *bona fide*. And it has been held that although the rule is, that the evidence must be taken upon interrogatories, and not upon affidavits; yet, if the solicitor for the infant assents to, and acquiesces in, the mode of proceeding, the infant will be thereby bound. *Tillotson* v. *Hargrave*, 3 Mad., 494; 1 Danl. Ch. Pr., 205.

The objections urged by the complainant, may have been altogether pertinent on an application by her to open the decree, and allow her to file an amended answer, and contest anew the right of Miller to the relief granted him. Such, however, is not the object of the present bill. It is insisted by the counsel, that this is not a bill of review, but an original bill to set aside the decree and sale, for fraud; that it is not a continuation of the old, but is a new proceeding, on an original bill, to remove the cloud upon complainant's title, created by the former proceedings. She does not seek to try over again the chancery suit of *Miller* v. *Ralston*, upon a new or amended answer, nor upon new or additional testimony. Her purpose is to reach the property in the hands of Lahee, the present holder by intermediate conveyances, of the title derived under the sheriff's sale by virtue of the decree. We think no such fraud or collusion has been shown, as to authorize the court to vacate the former decree for that reason, and declare the title of the property vested in the complainant. As she was allowed time after coming of age, to show cause against the decree, she was, as a matter of course, entitled, at any time before the decree was made absolute, to put in a new answer, and have the cause heard again. *Fountain* v. *Caine & Jeffs*, 1 Perre Williams, 504. The consequence of such putting in of a new answer is, that if it is replied to, she may examine witnesses anew to prove her defense, which may be different from what it was on the first trial. *Napier* v. *Effingham*, 2 Perre Williams, 401.

The consequence of a reversal of the first decree, or of a decree on a rehearing of the former suit, against the complainant, Miller, and its effects upon the title of the property in the hands of Lahee, claiming to be an innocent purchaser for a valuable consideration, without notice, need not now be determined. Where a decree has been rendered against an infant, and she afterwards succeeds in showing that it ought not to have been made, the court will place her, as far as is conveniently practicable, in the situation in which she was before the decree was made. *Pope* v. *Lemaster*, 5 Littell, 76; *Prutzman* v. *Pitesell*, 3 Harr. & J., 77, 82. Whether the title of the present respondent can be affected, may be the subject of future consideration.

We notice another defect in the proceedings, which we think constitutes a valid objection to the decree rendered. Neither Miller nor Ralston, parties to the original suit, are brought into court by service of process, nor is Grimes, the purchaser at the sheriff's sale, even made a party. The court could not adjudge the original decree void, without bringing into court, in some manner, all the parties to it; and as the interests of Grimes, the purchaser at the sheriff's sale under the decree, were to be affected by the proceedings, it was requisite that he also should have been made a party..

Decree reversed.