BRIDGET A. WIRTH, APPELLANT, V. REGINA WEIGAND ET AL., APPELLEES.

FILED SEPTEMBER 25, 1909.   No. 15,764.

1. **Insane Persons: JUDGMENT, VACATING.** Where a judgment or decree has been entered against an insane defendant through perjury or fraud on the part of the prevailing party, such defendant may proceed by an original suit in equity to impeach such judgment or decree, and have leave to answer and defend the same, and is not obliged to wait for that purpose until his incompetency has been removed, but may proceed at any time through his legally appointed guardian.

2. ———: SUIT BY GUARDIAN: CAPACITY TO SUE. Facts alleged in the petition, and admitted by the demurrers, *held* sufficient to show plaintiff's legal capacity to sue.

3. ———: PLEADING. Petition examined, and *held* to state a cause of action.

APPEAL from the district court for Otoe county: HARVEY D. TRAVIS, JUDGE. *Reversed.*

*Pitzer & Hayward,* for appellant.

*E. F. Warren, D. W. Livingston* and *A. P. Moran,* contra.

Fawcett, J.

This action was commenced in the district court for Otoe county by J. Robin Bonwell, as guardian of the estate of plaintiff Bridget A. Wirth. The controversy involves the title to certain lands in said county. The defendants severally demurred to plaintiff's petition. Their demurrers were sustained and plaintiff's action dismissed. Plaintiff appeals.

The points made by the two demurrers are: That plaintiff has no legal capacity to sue; that the court has no jurisdiction of the subject matter; that there is another action pending in which the title to the property in controversy in this action can be settled; that the action was prematurely brought; that the petition does not state facts sufficient to constitute a cause of action.

The petition alleges substantially that plaintiff is the same person who was made defendant in an action commenced against her in the same court on March 25, 1899, by her husband, Valentine Wirth; that the record in said cause shows that at the time said action was instituted plaintiff was insane; that she has ever since said time been and is now insane and confined in the hospital for the insane at Lincoln; that no general guardian was ever appointed for her until on or about March 27, 1907, when the said Bonwell "was duly appointed guardian of her estate, and that he thereupon duly qualified as such guardian, and is now duly qualified and acting guardian of her estate. Letters of guardianship so issued out of and upon and by the judgment and order of the county court of Otoe county, Nebraska." These allegations are sufficient to show plaintiff's capacity to sue.

The record before us shows the following facts, admitted by the demurrers: That plaintiff became the owner

and obtained title to the property in controversy August 23, 1875; that she and her husband lived upon said premises from that time until November 21, 1892, when she was committed to the hospital for the insane, where she has ever since remained; that at the time she became the owner of said property, and for more than ten years thereafter, she was sane; that on March 25, 1899, the said Valentine Wirth commenced suit against her in the district court to establish his ownership of said property and to quiet his title thereto on the ground that he furnished the money for the purchase of said property and was the equitable owner thereof; that said cause was called up for trial at a time when the guardian *ad litem* of his wife was not only absent from the court, but absent from the city where the court was being held; that on the trial of said cause no competent evidence was offered to establish the material allegations of said Wirth's petition; that the only evidence given was the testimony of the said Wirth himself, which was not only incompetent, but untrue, and that it was upon the strength of such testimony that the court on May 11, 1899, entered a decree which divested the defendant in said suit, who was then insane and in an insane asylum, of all title and interest in and to her estate, and invested said title in her husband; that no exceptions were given to the defendant in said suit, nor was any bill of exceptions preserved or settled in order to enable her, or those who might legally thereafter represent her, to prosecute an appeal from the judgment entered therein; that the said Valentine Wirth died on or about the —— day of December, 1905, testate; that his will was thereafter admitted to probate in the county court of Otoe county; that said estate has been fully administered, and an order of distribution entered; that by said last will and testament the said Valentine Wirth devised all of his real estate to the defendants Weigand, a niece, and Wirth, a nephew, subject to the dower interest therein of plaintiff as the widow of said Valentine Wirth; that on April 27, 1907, defendant Wirth filed in said court against

plaintiff and the defendant Weigand his petition, praying for a partition of the lands in controversy; that in said action an answer has been filed by Thomas F. Roddy as guardian *ad litem* of plaintiff, denying any title or interest in the said Wirth or Weigand to said lands, and an answer to the same effect has been filed in said cause by plaintiff through her general guardian; that her defenses to said action of her said husband, which were neither pleaded for her nor made for her upon the trial, were:

"1. That at the time of the purchase of said lands by her, upon August 23, 1875, she was not of unsound mind, nor did she become so for more than ten years thereafter.

"2. That the said plaintiff, Valentine Wirth, did not furnish the purchase price for said property, and that his possession thereof as alleged in said petition was not adverse to her interests, but was with her consent for the purpose of cultivation.

"3. That the taxes thereon during the time alleged in plaintiff's petition to have been paid were paid from the income and produce derived from said lands as the result of the labors of both the said Valentine Wirth and herself.

"4. That the statute of limitations had run against any claim of ownership either in law or in equity in said lands by the said plaintiff, Valentine Wirth.

"5. That by laches all claim or any interest in said lands by the said plaintiff adverse to the interests of this petitioner had been barred.

"6. That said petition failed to state a cause of action and was insufficient to support a decree thereof because of the fact that, as appears upon the face of said petition, the trust estate therein claimed was not evidenced in any manner in writing signed by this petitioner, and his estate therein as claimed was void under and because of the statute of frauds."

The prayer of the petition is that all proceedings in the action begun by Florian Wirth for partition of said estate be stayed until the final determination of this action, and that in the action commenced by Valentine Wirth the

judgment and decree entered therein upon May 11, 1899, be set aside and vacated, and that such orders and proceedings be then had and made as will reopen the said action and revive or continue the same in such manner and so entitled that plaintiff will be enabled to make her defense thereto as alleged and set out in her petition, and for such other relief as may be just and equitable.

That an appeal from the decree complained of would, had a proper record been preserved, have been successful is clear. It was the duty of the court, as well as of the guardian *ad litem,* to see that the interests of the insane defendant in that suit were fully preserved in every respect. The fact that the guardian *ad litem* was guilty of laches cannot be imputed to the insane person whom he was supposed to represent. Under the circumstances alleged, the guardian *ad litem* should, at least, have preserved a bill of exceptions, and filed the same with the clerk of the court. In such case, if he failed to prosecute an appeal, the plaintiff could, within the statutory time after recovering from her insanity, if she ever did so recover, prosecute the appeal, or her legal guardian could do so in her behalf. Such precautionary steps not having been taken in her behalf, she is now remediless if an action such as is here being prosecuted in her behalf will not lie. A court of equity is invested with the inherent power to grant relief under such circumstances. But it is insisted that the action was prematurely brought; that, conceding that plaintiff would be entitled to have the judgment complained of opened up and be permitted to defend in the event of her again becoming sane, no such action could be maintained prior to that time. This contention is based upon section 17 of the code, which provides: "If a person entitled to bring any action mentioned in this title, *. * * be, at the time the cause of action accrued, * * * insane, * * * every such person shall be entitled to bring such action within the respective times limited by this title after such disability shall be removed." Commenting upon this section of the statute,

counsel for appellees say: "That is to say, Mrs. Wirth, if she recovers her reason, can bring an action to enforce her rights (if any she have) within the period allowed by law, in this instance two years (sec. 609). If she remain insane to the end of her life, possibly her heirs can maintain an action—we do not discuss that, it is immaterial—but no provision is made whereby an insane person can bring such action *while the disability exists*. Hence, this action cannot be maintained." This construction of the statute cannot be sustained. *Finney v. Speed,* 71 Miss. 32; *Ralston v. Lahee,* 8 Ia. 17, 74 Am. Dec. 291. That a judgment may be vacated and a new trial awarded for the perjury of the successful party, either by a proceeding under section 602 of the code, or by an independent suit in equity, is fully settled in this state. *Munro v. Callahan,* 55 Neb. 75; *Barr v. Post,* 59 Neb. 361.

The point that there is another action pending in which the title to the property in controversy can be settled is not well taken. The pleader doubtless has reference to the partition suit instituted by defendant Wirth. In that suit defendants here are both claiming as devisees of Valentine Wirth, and resting their claim upon the decree entered in favor of their devisor on May 11, 1899. That judgment being regular upon its face could not be assailed collaterally in the partition suit. If plaintiff can prove the allegations in her petition, the decree entered against her on May 11, 1899, in the suit of her husband, Valentine Wirth, against her, should be opened up, and she should be permitted to answer and make her defense thereto.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings in harmony herewith.

REVERSED.