Fayette P. NEBBITT,
Petitioner-Respondent,

v.

Anthony W. NEBBITT,
Respondent-Appellant.

No. 61413.

Supreme Court of Missouri,
En Banc.

Nov. 14, 1979.

Rehearing Denied Dec. 6, 1979.

James A. Stemmler, St. Louis, for respondent-appellant.

Fayette P. Nebbitt, pro se.

· HIGGINS, Judge.

Appeal transferred from the Court of Appeals, Eastern District, after opinion, to review whether the husband pleaded a cause of action for damages in his wife's action for dissolution of marriage. Affirmed in part and reversed and remanded in part.

Fayette and Anthony Nebbitt· were married June 1, 1976. Two weeks later, Fayette filed a petition for dissolution of the marriage and a temporary restraining order excluding her husband from the family home. He cross-petitioned alleging that re-

spondent had defrauded him by misrepresenting her affection by which he was induced to marry her, and that she had used the restraining order to convert his separate personal property. On December 3, 1976, the circuit court dissolved the marriage on the husband's cross-petition, decreed that he was to receive the property in the family home, and dismissed the cross-petition for damages as failing to state a cause of action.[1]

The cross-petition for damages was in three counts. Count I alleged that in asking the trial court for a temporary restraining order, Fayette falsely represented that Anthony had committed certain acts putting her in fear for herself and children; that she did so asking the court to put him out of the apartment to enable her to steal his property. Appellant claims the court erred in dismissal of this count because it alleges fraud on the court and no court should permit itself to be an instrument of fraud.

Appellant's complaint under Count I is that because of an alleged lie to the court, he lost his belongings. To be actionable, fraud in the procurement of a judgment for divorce must have been extrinsic or collateral to matters which either were or could have been presented or adjudicated in the original proceedings. *Hemphill v. Hemphill*, 316 S.W.2d 582 (Mo.1958). In this case consideration of the conduct of defendant in treatment of his wife and children is intrinsic to the dissolution proceeding and is not, therefore, the type of fraud which would warrant setting aside the trial court's temporary restraining order.

Appellant asserts that Count III of his petition alleges a premarital tort; that it is not ruled by the doctrine of interspousal tort immunity, and the trial court erred, therefore, in dismissing it. He argues that his former wife committed fraud when she misrepresented her love for and intention to live with him as husband and wife; and that this tort was complete before the marriage took place. He posits as damages, not only the loss of his personal property, but expenses in preparation for the marriage as well; and argues further that Count III was erroneously dismissed because it stated a cause of action for fraudulent inducement to marriage.

There are cases which have allowed damages for the fraudulent inducement by one putative spouse of another into a void marital state. *See, e. g., Higgins v. Breen*, 9 Mo. 497 (1845) and cases cited at 72 A.L.R.2d 956. There are no cases, however, allowing an action for damages where, as alleged here, one spouse has induced another into a valid marriage on the basis of misrepresentation of affection.

Appellant concedes there are no Missouri cases supporting his claim. He cites *Piper v. Hoard*, 107 N.Y. 73, 13 N.E. 626 (N.Y.Ct. of App.1887) as representative of "the weight of authority from other states support[ing] a cause of action for fraud in the inducement of a marriage." It is inapposite because it dealt with the fraudulent representation by a third party to one spouse that the other spouse owned certain property which, in fact, he did not. Appellant also cites *Berry v. Harmon*, 329 S.W.2d 784 (Mo. 1959) which involved an automobile accident between a man and woman occurring prior to their marriage, and held that an action could be instituted and maintained by the wife against her husband after the parties were married, for injuries received before the marriage. This holding lends no support to appellant's argument for the existence of a tort of fraudulent inducement to marriage under the circumstances here. Because there is no cause of action in this or any other state for inducement into a valid marriage by misrepresenting affection, the trial court did not err by dismissing Count III of the petition.

Appellant charges it was error to dismiss Count II of his petition which alleged that

---

1. It appears that Fayette absconded with all such property; and she has no brief on this appeal.

while the restraining order was in effect, his wife converted his separate personal property and household goods. He argues that regardless of present vitality in the doctrine of interspousal tort immunity, conversion of property is an exception. If the rule were otherwise, he contends, "an unscrupulous spouse could convert money or property with impunity at any time before a divorce decree were rendered."

*Smith v. Smith*, 300 S.W.2d 275 (Mo.App. 1957) distinguished between "personal torts," involving injuries to person, reputation, feelings, or body, and "property torts," which embrace injury or damage to property, real or personal, and held that the doctrine of interspousal tort immunity affected only the former and that a wife could maintain an action against her husband for the wrongful taking of her separate personal property, not only for the recovery of specific items, but, if they were misappropriated and converted, then for their replacement in money by an action in conversion. *See also, Ray v. Ray*, 336 S.W.2d 731 (Mo. App.1960), which held that a spouse may maintain an action for accounting in connection with a divorce proceeding after a conversion of personal property owned by the entirety; and *Coffey v. Coffey*, 485 S.W.2d 167 (Mo.App.1972), which held that the husband, although denied a divorce, was entitled to an accounting to set off his share of personal property, held by his wife and him as tenants by the entirety, which allegedly had been sequestered by the wife without his consent.

The foregoing demonstrates that an action exists against a spouse who wrongfully has taken or sequestered the property of the other. The doctrine of interspousal tort immunity, last discussed in *Ebel v. Ferguson*, 478 S.W.2d 334 (Mo. banc 1972), has no application where the tort involved is conversion of a spouse's separate property.[2] Whether the petitioned-for divorce is granted or denied does not affect the right to sue for conversion.

Count II of appellant's petition alleged that before the decree of dissolution and while the temporary restraining order was in effect, his wife "wrongfully converted, appropriated and embezzled all of [his] personal and household goods." This states a cause of action for damages for conversion and the trial court, therefore, erred in dismissing it. *Smith v. Smith*, supra.

Accordingly, dismissal of Counts I and III of the cross-petition is affirmed; the dismissal of Count II is reversed and the case is remanded.

BARDGETT, C. J., and RENDLEN and MORGAN, JJ., concur.

WELLIVER, J., concurs in separate concurring opinion filed.

SEILER, J., concurs as to Count II, concurs in result as to Count I, dissents as to Count III.

DONNELLY, J., dissents in separate dissenting opinion filed.

WELLIVER, Judge, concurring.

I concur in the result reached by the majority. The cause is reversed and remanded for further proceedings on Count II of appellant's cross-petition (alleging conversion) because, as the principal opinion correctly points out, a claim for conversion has long been recognized as an exception to the interspousal tort immunity doctrine in Missouri. However, I have reservations about the treatment given appellant's Count I claim alleging fraud in the procurement of a temporary restraining order which caused plaintiff damage.

The authority cited in the opinion of the majority for affirming the dismissal of appellant's Count I claim is not persuasive. The principal opinion states:

Appellant's complaint under Count I is that because of an alleged lie to the court, he lost his belongings. To be actionable, fraud in the procurement of a

---

2. A spouse's separate property is recognized in Missouri's Dissolution of Marriage Law at § 452.330 RSMo.

judgment for divorce must have been extrinsic or collateral to matters which either were or could have been presented or adjudicated in the original proceedings. *Hemphill v. Hemphill*, 316 S.W.2d 582 (Mo.1958).

*Hemphill* involved a petition filed by the guardian of an insane woman seeking to set aside a decree of divorce on the alleged ground of fraud in its procurement, and seeking an accounting from the administratrix of the alleged husband's estate. It is apparent that appellant's claim for damages for alleged fraud is quite distinct from a direct attack on the validity of a divorce. Appellant does not appeal the order of December 3, 1976, granting a decree of dissolution, but instead appeals the dismissal of the three counts of his cross-petition.

In my view, the dismissal of Count I was proper because that count fails to state a cause of action for fraud. The elements necessary to constitute actionable fraud were outlined in *Latta v. Robinson Erection Co.*, 363 Mo. 47, 248 S.W.2d 569, 576 (banc 1952) as follows:

> that a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing *the other party* to act upon it; and that *he* did in fact rely on it and was induced thereby to act to his injury and damage.

(Emphasis supplied.) Appellant's Count I, in contrast, alleges that appellant's bride:

> falsely represented *to the Court* that Respondent committed certain acts putting her in fear of him, all the time knowing that such representations were untrue, and at the same time asking *the Court* to rely on said representations, which *the Court* did, in granting a restraining order which put Respondent out of the family apartment.

(Emphasis supplied.) These allegations do not allege intent to deceive *appellant*, intent to induce *appellant's* reliance, or *appellant's* reliance on the representations—rather, it is *the court* that is alleged to have been induced to rely on the allegedly false statements.

The dismissal of Count I on the authority of *Hemphill* is unacceptable if it makes this Court appear to be avoiding the question whether interspousal tort immunity should be abrogated in Missouri. Of the three counts in appellant's cross-petition, it is only Count I that even colorably presents the interspousal tort immunity issue.

I am convinced that this case is not the proper vehicle for reconsideration of the doctrine of interspousal tort immunity articulated in the line of cases of which *Ebel v. Ferguson*, 478 S.W.2d 334 (Mo. banc 1972) is a part. Respondent's petition was stricken by the trial court and judgment of dissolution entered on appellant's cross-petition as sanctions for respondent's failure to comply with discovery proceedings. Respondent did not file any briefs opposing appellant's attack on the interspousal tort immunity doctrine, either in the court of appeals or in this Court. Without the full development of issues that adversary argument allows, making a change in the law with such far-reaching implications as the abrogation of interspousal tort immunity is not appropriate. Moreover, because Count I of appellant's cross-petition fails to state a cause of action in fraud, any attempt by this Court to address the immunity question in this case would be mere dicta.

DONNELLY, Judge, dissenting.

In my view, the principal opinion effectually overrules *Ebel v. Ferguson*, 478 S.W.2d 334 (Mo. banc 1972), insofar as *Ebel, supra*, bases the doctrine of interspousal tort immunity on "the common law concept that a wrongful act between spouses does not give rise to a cause of action." *Id.* at 336.

I respectfully dissent.