## LEWIS v. LEWIS.

1. **Divorce:** DRUNKENNESS: CORROBORATION OF PLAINTIFF. In an action by a wife for a divorce on the ground of the habitual drunkenness of her husband, although there was no direct corroboration of her testimony to the effect that he acquired the habit after marriage, yet as the testimony of the other witnesses tended indirectly to establish that claim, *held* that this was sufficient corroboration, under section 2222 of the Code.

2. ———: DISMISSAL OF ACTION UPON AGREEMENT: BREACH: NEW ACTION: BAR: RESTORATION OF PROPERTY. After an action for divorce had been begun on the ground of habitual drunkenness, it was dismissed upon an agreement of defendant to convey to plaintiff certain property, and to abstain from the use of intoxicating liquors. The contract was reduced to writing, but the agreement to abstain was inadvertently omitted. The property was conveyed, but the promise to abstain was broken, and defendant again became habitually intoxicated. In a new action for divorce upon the same ground, *held* that parol was admissible to show the real conditions of the agreement on which the prior suit had been dismissed ; and that that agreement, in view of the breach of the condition as to future sobriety, was no bar to another action ; and that, upon granting a decree of divorce, equity would not order a reconveyance of the property conveyed under the agreement, especially as plaintiff did not ask any relief by way of permanent alimony.

*Appeal from Webster District Court.*—HON. D. D. MIRACLE, Judge.

FILED, SEPTEMBER 8, 1888.

THIS is an action for divorce. There was a decree in the court below dismissing the petition, and plaintiff appeals.

*Albert E. Clarke,* for appellant.

*Cole, McVey & Clark,* for appellee.

ROTHROCK, J.—I. The parties were married in the year 1871. There are five children, the issue of the

Lewis v. Lewis.

marriage ; the oldest being now about sixteen years of age. In March, 1883, the plaintiff commenced an action for divorce upon the ground that the defendant, after the marriage, became addicted to habitual drunkenness. Soon after commencing the action the plaintiff separated from the defendant, and went with her children to the house of her father, in the state of Illinois, where she remained until the twenty-fifth of June, 1884. On the twenty-ninth of May, 1883, the plaintiff, at the urgent solicitation of the defendant, dismissed the suit. On the tenth day of September, 1883, the plaintiff commenced another action for divorce from the same cause. An answer was filed, and the suit was pending until June 24, 1884, when it was settled and dismissed, and the plaintiff returned to the house of the defendant, where she remained for about one year, when she commenced this suit, in which she alleged the same causes for divorce as were alleged in the two former actions. Issue was taken upon the petition, and the cause was tried upon its merits.

The evidence is clear, conclusive and satisfactory that the defendant was addicted to habitual drunkenness for about seven years prior to the commencement of the first suit, and that the habit increased and became more confirmed up to the time of the commencement of the present action, with the possible exception of a brief cessation previous to and for a short time after the commencement of the second suit. It is claimed by counsel for appellee, however, that there is no evidence corroborating the testimony of the plaintiff that the defendant acquired his habits of drunkenness after the marriage ; and that, as it is provided by section 2222 of the Code, that "no divorce shall be granted on the testimony of the plaintiff alone," the decree dismissing the petition was right, upon the ground that the evidence was insufficient to sustain the action. In other words, it is claimed that the testimony of the plaintiff to the effect that the defendant became an habitual drunkard after the marriage is without corroboration, and that her testimony

1. DIVORCE: drunkenness: corroboration of plaintiff.

stands alone as to that fact. We concede that there is no direct evidence, aside from that of the plaintiff, upon this question. But all the facts in the case, as detailed by the other witnesses, tend to show that the habit did not become habitual until some years after the marriage. This is apparent from the fact that the fits of intoxication became much more frequent in later years than formerly, so that towards the last of the cohabitation the defendant was in almost a continuous state of intoxication.

II. The main ground of defense is founded upon the settlement and dismissal of the second action. At the time of the settlement a written instrument was prepared by plaintiff's counsel, and signed by the parties. It is in these words: "Said Ole Lewis conveys to Mrs.

2. ——: dismissal of action upon agreement: breach: new action: bar: restoration of property.

Annie Lewis, the plaintiff, the northeast quarter of section 17, township 90, range 28, and agrees to convey to her either one of the following pieces of property, to be selected by A. E. Clarke, and the deed to be delivered to him to hold for said Annie Lewis, viz. : East one-third of lot 2, block 11, Morrison and Duncombe's addition to the city of Fort Dodge ; seventy-five and three-fourths feet off of the west side of east half of lot four (4) in block five (5) in Morrison and Duncombe's addition to Fort Dodge,—said land to be free from all lien and incumbrance. Said Ole Lewis shall pay a certain note made to John Nelson by said Annie Lewis for five hundred dollars for borrowed money, and shall pay all costs and attorney's fees of both parties to the suit. Said Annie Lewis shall dismiss the suit, and return to and live with said Ole Lewis as his wife, and all matters in controversy between the parties are hereby settled. Annie Lewis. Ole Lewis." As has been stated, the plaintiff did return and live with the defendant for about one year after this settlement, at the end of which time she commenced this suit. The defendant pleaded the settlement as a defense in the nature of a contract that the plaintiff, with full knowledge of the habits of her husband, for a good consideration, agreed that she

Lewis v. Lewis.

would return to and live with him, and that she is thereby barred and estopped from maintaining this action. The plaintiff, by her reply, claims that said second suit was settled upon the express condition that the defendant should reform and quit drinking, and cease and refrain absolutely from the use of intoxicating liquors, and upon the condition that, if he should resume his drunken habits, the settlement should be held for naught, and his subsequent drunkenness should be a revival of all the plaintiff's preëxisting rights of action; and that, by inadvertence and oversight and mistake, said conditions were omitted from the written settlement, although it was the intent of all parties that such conditions should be included therein. It is not claimed by counsel for appellee that the settlement of the suit was a bar to another action because it was a condonation of the previous habitual drunkenness of the defendant. Condonation is nothing more than conditional forgiveness. Every condonation is upon the implied condition that the party forgiven will abstain from the commission of the like offense thereafter. *Johnson v. Johnson*, 4 Paige, 460; 14 Wend. 637; 1 Bish. Mar. & Div. sec. 371.

But it is contended that the plaintiff should be bound by her contract as it is expressed in the writing, and that, having upon a valuable consideration agreed to return and live with her drunken husband, she should abide by all the consequences resulting from such an alliance. But the evidence shows conclusively that the writing did not express all of the contract of settlement. The evidence is uncontradicted that the motive which induced the settlement was that the defendant should cease his habit of drunkenness. Hon. M. D. O'Connel was then the counsel for defendant. He was a witness on the trial of this case, and, among other things, testified as follows: "Mr. Lewis was emphatic in his promises in being strictly temperate in the future, at that meeting. Mr. Clark, Mr. Lewis, Mrs. Lewis, and myself were together in Mr. Clark's office. Mr. Lewis pledged himself to his wife that if she would dismiss

the divorce suit, and live with him, he never would drink any more liquor. Q. Was his promise to abstain from drink one of the conditions of the settlement? A. It was. She said she was afraid to make the settlement for fear he would not live up to his agreement; and Mr. Clark and myself then and there told her that we believed he would, and urged upon her to make such settlement, to which she then and there finally consented." This is corroborated by all the persons who were present at the settlement, and is not denied by the defendant in his testimony. The person who reduced the settlement to writing testified in relation to the omission of the said condition as follows: "The failure to include this condition in the writing was due entirely to my own oversight. * * * I sat down and wrote the paper; told Mrs. Lewis to sign it, which she did. The defendant then signed it. * * * I did not read the paper to Mrs. Lewis after I wrote it. I wrote it hastily, and the omission of the condition to which I have testified was purely owing to my own oversight and inadvertence." It is apparent that under this evidence the condition named should be regarded as a part of the settlement. If this were an action to reform this written instrument, we can scarcely conceive of a stronger case for reformation; and the same rule must obtain here. The condition that defendant would abstain from the habit of drunkenness should be regarded as part of the settlement. When so considered, there is no doubt of the right of the plaintiff to a decree. The evidence conclusively establishes the fact that a short time after the reconciliation the defendant's drunkenness became more frequent, and that for some time before this suit was commenced he was almost continuously intoxicated. It appears from the evidence that the defendant conveyed to plaintiff the quarter section of land described in the written agreement of settlement. Counsel for defendant claims that she cannot repudiate this settlement without conveying back the land to defendant. We do not regard this settlement as an ordinary contract. The conveyance of the land was by a husband to his wife in the nature of a settlement of

separate property upon her, and we do not think it essential that she should convey it back in order to give her standing in a court of equity in an action for a divorce. We do not understand that counsel for appellant claims anything in the way of alimony, and we think we ought not to disturb the title of the land.

III. The district court rendered a judgment against the defendant for the costs of the action, and for two hundred dollars attorney's fees. The defendant appeals from this judgment. As we hold that there should have been a decree for the plaintiff, the judgment for costs and attorney's fees will be affirmed. The plaintiff demands an allowance for additional costs, expenses, and attorney's fees in this court. In order to bring this unfortunate litigation to an end, we have concluded to make an additional allowance to the plaintiff in the sum of one hundred and fifty dollars. The decree of the district court will be reversed, and a decree of divorce will be entered in this court, and the care and custody of the children of the parties will be awarded to the plaintiff, and judgment will be entered against the defendant for the costs and for the two hundred dollars allowed by the district court and for one hundred and fifty dollars allowed by this court, or, at the option of plaintiff, the cause will be remanded for a decree in the district court in accord with this opinion.