JOHN MERRITT LEWIS *vs.* ELLA E. LEWIS.

July 18, 1890.

**Marriage—Grounds for Avoidance—Vice or Uncontrollable Propensity.**—The courts are not authorized to decree a marriage contract void on the ground of the insanity of one of the parties, except for such want of understanding in such party as to render him or her incapable of assenting thereto. And though such person may be subject to some vice or uncontrollable impulse or propensity, yet, if otherwise sane, and able to understand the nature and obligations of the marriage contract, a decree of nullity will not be granted.

**Same—Artifice or Fraud—Concealment of Defects of Character, etc.—** A contract of marriage may be avoided when brought about by artifice or fraudulent practices, but, as a general rule, concealment by one of the parties of personal traits or defects of character, or habits, reputation, bodily health, or other peculiar infirmities, is not sufficient ground for avoiding a marriage.

Appeal by plaintiff from a judgment of the district court for Hennepin county, where the action (brought to annul the marriage of the parties) was tried by *Lochren, J.* The defendant was served by publication, etc., and did not appear in the action.

*J. M. Shaw* and *J. R. Corrigan,* for appellant.

VANDERBURGH, J.  The statute in relation to divorces (Gen. St. 1878, *c.* 62, § 2) provides that "when either of the parties  *  *  * for want of age or understanding, is incapable of assenting thereto, *  *  *  the marriage shall be void from the time its nullity is declared by a court of competent authority."  Certain limitations are imposed by sections 4 and 5, as follows: "Nor shall the marriage of any insane person be adjudged void after his restoration *to reason* if it appears that the parties freely cohabited together as husband and wife after such insane person was restored to a sound mind." "Sec. 5. No marriage shall be adjudged a nullity at the suit of the party capable of contracting, on the ground that the other party was *  *  *  insane, if such  *  *  *  insanity was known to the party capable of contracting, at the time of such marriage."  There are no other provisions on the subject of insanity, and no form of insanity or insane delusion is included in the list of causes for divorce; and insanity arising subsequent to the marriage affords no ground for divorce.  The section first quoted is simply declaratory of the common law.  There must have been, at the time of the marriage, such want of understanding as to render the party incapable of assenting to the contract of marriage.  The plaintiff applies for a decree of nullity on the ground of his wife's insanity at the time of his marriage, of which he claims to have then had no knowledge. The particular form of insanity alleged was a morbid propensity on the part of the wife to steal, commonly denominated "kleptomania." It was not proved, nor is it found by the court, that she was not otherwise sane, or that her mind was so affected by this peculiar propensity as to be incapable of understanding or assenting to the marriage contract.  Whether the subjection of the will to some vice or uncontrollable impulse, appetite, passion, or propensity be attributed to disease, and be considered a species of insanity, or not, yet as long as the understanding and reason remain so far unaffected and unclouded that the afflicted person is cognizant of the nature and obligations of a contract entered into by him or her with another, the case is not one authorizing a decree avoiding the contract.  Any other rule would open the door to great abuses.  *Anon.,* 4 Pick. 32; *St. George* v. *Biddeford,* 76 Me. 593; *Durham* v. *Durham,* 10 Prob.

Div. 80.   For a discussion upon the characteristics of the peculiar infirmity to which the defendant here is alleged to be subject, see 1 Whart. & S. Med. Jur. (4th Ed.) §§ 591, 595.   The cases are numerous in which contracts and wills have been upheld by the courts, though the party executing the same is subject to some peculiar form of insanity, so called, or is laboring under certain insane delusions.   *In re Blakely's Will*, 48 Wis. 294, (4 N. W. Rep. 337;) *Jenkins* v. *Morris*, 14 Ch. Div. 674; 11 Am. & Eng. Enc. Law, 111, and cases.

2. The defendant is found to have been subject to this infirmity at the time of her marriage with plaintiff, in 1882, but it was concealed and kept secret from the plaintiff by her and her relatives, and was not discovered by him until 1888.   As before suggested, if it had developed after the marriage, the plaintiff would not have been entitled to judicial relief, though the consequences might have been equally serious to him.   But the plaintiff contends that such concealment constituted a case of fraud, such that the court should declare the contract of marriage void on that ground.   Where one is induced, by deception or stratagem, to marry a person who is under legal disability, physical or mental, the fraud is an additional reason why the unlawful contract should be annulled.   And so deception as to the identity of a person, artful practices and devices, used to entrap young, inexperienced, or feeble-minded persons into the marriage contract, especially when employed or resorted to by those occupying confidential relations to them, and where the contract is not subsequently ratified, are proper cases for the consideration of the court.   But, generally speaking, concealment or deception by one of the parties in respect to traits or defects of character, habits, temper, reputation, bodily health, and the like, is not sufficient ground for avoiding a marriage.   The parties must take the burden of informing themselves, by acquaintance and satisfactory inquiry, before entering into a contract of the first importance to themselves and to society in general.   *Reynolds* v. *Reynolds*, 3 Allen, 605; *Leavitt* v. *Leavitt*, 13 Mich. 452; 1 Cooley, Bl. 439, and notes.   The facts found do not present a case warranting the relief asked.

Judgment affirmed.