## WILLIAM F. BEHSMAN v. EDNA M. BEHSMAN.[1]

### November 7, 1919.

### No. 21,390.

**Divorce — epilepsy of defendant — evidence insufficient.**

1. In an action to annul a marriage contract upon the ground that one of the parties thereto was an epileptic at the time of the marriage, proof that the defendant was an epileptic at the time of such marriage is not, in the absence of a showing of fraud on the part of the afflicted party in concealing the epileptic condition, sufficient to warrant a decree of annulment.

**Epilepsy not a ground for annulment of marriage.**

2. The legislature, not having prescribed epilepsy as a ground for annulment of marriage, and the courts of the state never having recognized that disease as a cause for nullifying a marriage contract, the judgment of the trial court denying such relief is justified, notwithstanding a finding of fact that the defendant was an epileptic at the time of the marriage.

Action in the district court for Steele county to annul a marriage. The answer alleged the insanity of defendant. The case was tried before Childress, J., who made findings and as conclusion of law found that plaintiff was not entitled to have the marriage annulled, but that he was entitled to the custody of the children. From the judgment entered pur-

[1]Reported in 174 N. W. 611.

suant to the order for judgment, plaintiff appealed.   Affirmed.

*Moonan & Moonan,* for appellant.

*A. W. & F. W. Sawyer,* for respondent.

QUINN, J.

Plaintiff and defendant have been residents of this state since their birth. They were married in June, 1907. They lived together as husband and wife until shortly prior to September, 1915, when the defendant, by reason of and as a result of epilepsy, was adjudged insane and committed to the hospital where she has since been detained. There are three children the issue of such marriage, of the ages of eight, five and three years, but they do not appear to be afflicted with such malady.

An examination of the record as returned leads us to the conclusion that the trial court was right in denying the relief asked for in the complaint. The findings of the trial court are, in effect, that the parties were married on June 7, 1907; that the issue of such marriage is three children; that the defendant is and has been ever since she was two years of age an epileptic; that said disease continued to grow on the defendant until September 3, 1915, when she became insane and was committed to the hospital for the insane at Rochester; that the defendant is becoming more irrational and violent and is not expected to improve in her condition; that the plaintiff and defendant lived together as husband and wife until shortly before defendant became insane; that plaintiff did not know that the disease with which defendant was afflicted was epilepsy until about September 3, 1915, and that this action was commenced in November, 1918.

As conclusions of law the court found that plaintiff is not entitled to have said marriage annulled and set aside, but that he is entitled to the custody of said children.

Plaintiff brings this action to annul the marriage, alleging solely, that at the time of such marriage and long prior thereto and ever since, defendant was an epileptic, all of which was unknown to plaintiff. There is no allegation or contention that the defendant, in any manner, attempted to conceal her real ailment from the plaintiff, nor that she knew or had any conception of the nature of the malady with which she was afflicted. The question then is, whether a marriage is voidable upon the

sole ground that one of the parties thereto was an epileptic at the time of the marriage, in the absence of any showing of fraud or concealment and where it does not appear that the defendant ever knew that her trouble was epilepsy.

Section 7090, G. S. 1913, provides that: "No marriage shall be contracted while either of the parties has a husband or wife living; nor within six months after either has been divorced from a former spouse; nor between parties who are nearer of kin than second cousins, whether of the half or whole blood, computed by the rules of the civil law; nor between persons either of whom is epileptic, imbecile, feeble-minded or insane."

Section 7106 of the statute provides that all marriages which are prohibited by law on account of consanguinity, or on account of either party having a former husband or wife then living, if solemnized within this state, shall be absolutely void, and section 7107 provides that when either party to a marriage is incapable of assenting thereto for want of age or understanding, or when the consent of either has been obtained by force or fraud, and there is no subsequent voluntary cohabitation of the parties, the marriage may be annulled and shall be void from the time its nullity is adjudged.

It will be observed that the legislature has not prescribed epilepsy as a ground for annulment of marriage, nor have the courts of this state recognized that disease as cause for nullifying the marriage contract. Apparently the defendant was in such state of health at and subsequent to the time of her marriage, that plaintiff lived with her for eight years, raised a family of three children before discovering the nature of the malady under which she was laboring. She had concealed nothing from the plaintiff as to her ailments. We are of the opinion that the judgment should stand.

Affirmed.