ARTHUR L. RICHARDSON *vs.* GLADYS M. RICHARDSON.

Franklin.    September 19, 1923. — October 9, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Marriage and Divorce*, Validity of marriage.    *Epilepsy.*

The fact that a woman, suffering from epilepsy, an incurable and hereditary disease, fraudulently concealed that fact from a man with whom she contracted a marriage which was consummated by sexual intercourse for a period of one month, after which the husband, learning of the deception, separated from her, does not warrant the granting to the husband of a decree of nullity of the marriage.

LIBEL, filed in the Superior Court on January 3, 1921, seeking a decree of nullity of marriage.

In the Superior Court, the libel was heard by *Lummus*, J., the libellee contesting. Material evidence and findings by the judge are described in the opinion. The judge ruled that the libel should be dismissed and reported the case to this court for determination.

*J. Ogan*, for the libellant, submitted a brief.

No argument nor brief for the libellee.

DeCourcy, J. This is a libel for a sentence of nullity of marriage, on the ground that the libellee was suffering from epilepsy at the time of the marriage, and fraudulently concealed that fact from the libellant. The trial judge found that the parties were married on August 8, 1920, after an acquaintance of about four months; that the libellee knew she had long been suffering from epilepsy, but told the libellant merely that sometimes when overworked she had fainting spells which were not serious; that the marriage was consummated by sexual intercourse on various occasions up to September 8, 1920; that she had one or two attacks of the disease during that period, but he learned the nature of her ailment for the first time on said September 8; that he then ceased to occupy the same bed with her, and the parties have lived apart since September 29, 1920. The judge further found, from medical testimony, that epilepsy is an incurable disease, and is hereditary. He ordered the libel dismissed, being of opinion that it could not be granted under our law, and reported the case. Counsel for the libellee filed no brief.

By the law of this Commonwealth marriage is regarded as more than a civil contract. After cohabitation, at least, it ripens into a status, which affects the parties thereto, their posterity and the whole community. As was said by Knowlton, J., in *Smith* v. *Smith*, 171 Mass. 404, 407: " It is a change which, for important reasons, the law recognizes, and it inaugurates conditions and relations which the law takes under its protection. It is of such a nature that it cannot be lightly disregarded. The contracting parties take each other for better or for worse, and agree to abide the consequences of misinformation or mistake in regard to each other." And in the basic case of *Reynolds* v. *Reynolds*, 3 Allen, 605, Chief Justice Bigelow used this language (page 607): " In the absence of force or duress, and where there is no mistake as to the identity of the person, any error or misapprehension as to personal traits or attributes, or concerning the position or circumstances in life of a party, is deemed wholly immaterial, and furnishes no good cause for divorce. Therefore no misconception as to the character,

fortune, health or temper, however brought about, will support an allegation of fraud on which a dissolution of the marriage contract, when once executed, can be obtained in a court of justice. These are accidental qualities, which do not constitute the essential and material elements on which the marriage relation rests. The law, in the exercise of a wise and sound policy, seeks to render the contract of marriage, when once executed, as far as possible indissoluble. The great object of marriage in a civilized and Christian community is to secure the existence and permanence of the family relation, and to insure the legitimacy of offspring. It would tend to defeat this object, if error or disappointment in personal qualities or character was allowed to be the basis of proceedings on which to found a dissolution of the marriage tie." To the same effect see *Wolkovisky* v. *Rapaport,* 216 Mass. 48, 50; *Chipman* v. *Johnston,* 237 Mass. 502, 504.

It is settled by our decisions that fraud, in order to avoid a marriage, must go to the essence of this contract. Concealment by a woman of her previous unchastity will not ordinarily render a marriage invalid. *Safford* v. *Safford,* 224 Mass. 392. And see *Foss* v. *Foss,* 12 Allen, 26; *Crehore* v. *Crehore,* 97 Mass. 330. The same is true of the concealed existence of syphilis in one of the parties. *Vondal* v. *Vondal,* 175 Mass. 383. In *Smith* v. *Smith, supra,* where there was no consummation, and the trial judge found that the libellee was constitutionally afflicted with syphilis " with which the libellant would become infected in case of cohabitation," and " the disease would be transmitted to any offspring which they might have," it was held merely that on the facts the judge of the Superior Court had power to enter a decree for the libellant. In the Reynolds case false representations of the woman that she was chaste, when in fact she was pregnant by another man, were held to go directly to the essentials of the marriage contract.

We are not aware of any case in this Commonwealth where the fraudulent concealment of a disease other than venereal has been considered on the question under consideration except *Cummington* v. *Belchertown,* 149 Mass. 223. It was

held that concealment of the fact that the woman had been insane previous to her marriage, — she being sane at the time of the marriage, — did not constitute such a fraud as entitled her husband to have the marriage dissolved, even though subsequently she became incurably insane. Epilepsy was involved in *McGill* v. *McGill*, 179 App. Div. (N. Y.) 343; and annulment was refused, the court saying: " The Legislature has not prescribed epilepsy as a ground for annulment of marriage, and so far as we know the courts of this State have never recognized that disease as cause for nullifying the marriage contract." To the same effect is *Elser* v. *Elser*, 160 N. Y. Supp. 724. *Lyon* v. *Lyon*, 230 Ill. 366. See also *Behsman* v. *Behsman*, 144 Minn. 95.

As was said in *Chipman* v. *Johnston, supra* (page 505): " The strict rule has been somewhat relaxed in other jurisdictions either by statute or by judicial decision. . . . It is unnecessary to examine those decisions because we are of opinion that under principles heretofore declared by this court the libellant can be given no relief in this proceeding."

*Order dismissing petition affirmed.*