## RUDOLPH A. ROBERTSON v. WILLIAM ROTH.[1]

June 19, 1925.

No. 24,669.

**When marriage may be annulled for fraud.**

1. When the consent of a party to a marriage contract has been obtained by fraud, and there is no subsequent voluntary cohabitation of the parties, the marriage may be annuled at the suit of the injured party.

[1]Reported in 204 N. W. 329.

**Accidental qualities of one party not ground for annulment.**
2. Concealment or deception by one of the parties as to defects of character, morality, chastity, habits and temper is not ground for annulment. These are accidental qualities which do not constitute the basis for the marriage relation.

**Concealment of past insanity not ground for annulment.**
3. Failure, under the circumstances stated in the opinion, to disclose past insanity is not ground for annulment of the marriage contract.

**What fraud is ground for annulment.**
4. In order to constitute such fraud there must be something that destroys the consent which blots out all semblance of contract—or it must impose, at the time of the marriage, upon the one wronged, burdens and obstacles wholly unexpected and of such character that they tend to the destruction of domestic happiness and promote humiliation disclosing a situation intolerable to society and detrimental to the marriage relation.

1. See Marriage, 38 C. J. p. 1348, § 121.
2. See Marriage, 38 C. J. p. 1302, § 64, p. 1303, § 67.
3. See Marriage, 38 C. J. p. 1287, § 17, p. 1302, § 66.
4. See Marriage, 38 C. J. p. 1301, § 61.

3. See note in L. R. A. 1916E, 1274; note in 13 L. R. A. (N. S.) 996.

Action in the district court for Hennepin county for annulment of a marriage. The case was tried before Baldwin, J., who dismissed the action. Plaintiff appealed. Affirmed.

*Maugridge S. Robb,* for appellant.
*M. U. S. Kjorlaug,* for respondent.

WILSON, C. J.
Defendant was confined in a state hospital for the insane between the months of December, 1915, and March, 1916. She was paroled in March, 1916, and discharged in December, 1916, as cured. Plaintiff met the defendant in January, 1919, and married her in August, 1919. He met her parents in March of the same year before the marriage was planned, and the marriage occurred without their

knowledge. She did not disclose the fact that she had been adjudged insane. He made no inquiry that should have elicited this fact. As a result of the marriage there is a child three years old, and defendant in November or December, 1921, was again adjudged insane and committed to a state hospital for insane where she has since been confined.

This action is brought to annul the marriage on the ground of fraud based alone upon the concealment or failure to disclose the fact that she had previously been so incarcerated. Plaintiff appeals from a judgment entered in favor of defendant. Defendant is represented by a guardian ad litem.

When the consent of a party to a marriage contract has been obtained by fraud, and there is no subsequent voluntary cohabitation of the parties, the marriage may be annuled at the suit of the injured party. Section 8581, G. S. 1923; Behsman v. Behsman, 144 Minn. 95, 174 N. W. 611, 7 A. L. R. 1501. Marriage is a civil contract. But immediately upon its consummation it automatically takes a status or relation which carries duties and responsibility over which the parties have no control and concerning which the state is interested. Randall v. Kreiger, 23 Wall. 137, 147, 23 L. ed. 124.

Concealment or deception by one of the parties as to defects of character, morality, chastity, habits and temper is not ground for annulment. These are accidental qualities which do not constitute the basis for the marriage relation. Persons entering the marriage relation necessarily know that it is not a temporary matter and they must consider and decide for themselves. They must take the responsibility of informing and satisfying themselves by acquaintance and inquiry as to such matters before assuming the obligations of this extraordinary contractual relation. Of course plaintiff should have been fully informed. Defendant was not insane at the time of marriage. It does not appear that she knew that the nature of her ailment was of such character as to recur. It must also be remembered that upon an unknown path every foot is slow. Nor can we know what plaintiff would have done had she disclosed this information to him, but a guilty loved one is soon found innocent.

We are all creatures at the mercy of circumstances. The policy of our state will not permit a marriage to be readily annulled with the unfortunate consequences, just such as would occur here, after cohabitation and a child is born, even though the marriage is void only from the time its nullity is adjudged. Mistakes and disappointments in personal qualities or character cannot be made the basis of a dissolution of the marriage relation. The individual desire must yield to the public welfare. Concealment in order to annul a marriage must go to the very essence of the contract. Reynolds v. Reynolds, 3 Allen (Mass.) 605; Richardson v. Richardson, 246 Mass. 353, 140 N. E. 73, 31 A. L. R. 146; Leavitt v. Leavitt, 13 Mich. 452; Ryder v. Ryder, 66 Vt. 158, 28 Atl. 1029, 44 Am. St. 833; Carris v. Carris, 24 N. J. Eq. 516; Davis v. Davis, 90 N. J. Eq. 158, 106 Atl. 644; 1 Schouler, (6th ed.) Dom. Rel. § 23; 1 Bishop, Com. on Marriage and Div. c. 17; 2 Kent, (13th ed.) Com. § 77; Wier v. Still, 31 Iowa, 107; Varney v. Varney, 52 Wis. 120, 8 N. W. 739, 38 Am. Rep. 726; 9 Minn. L. R. 497.

The failure in the instant case to disclose the past insanity cannot, upon the facts in the record, be made the basis for an annulment of the marriage contract. Lewis v. Lewis, 44 Minn. 124, 46 N. W. 323, 9 L. R. A. 505, 20 Am. St. 559; Cummington v. Belchertown, 149 Mass. 223, 21 N. E. 435, 4 L. R. A. 131; Richardson v. Richardson, 246 Mass. 353, 140 N. E. 73.

The following are some illustrations of what goes to the essence:

False representation with respect to freedom from syphilis. Crane v. Crane, 62 N. J. Eq. 21, 49 Atl. 734; Ryder v. Ryder, 66 Vt. 158, 28 Atl. 1029, 44 Am. St. 833; Smith v. Smith, 171 Mass. 404, 50 N. E. 933, 41 L. R. A. 800, 86 Am. St. 440. Same as to tuberculosis or leprosy. Davis v. Davis, 90 N. J. Eq. 158, 106 Atl. 644.

Where a woman goes through the marriage ceremony with an intention never to perform any one of the duties of a wife, but solely to bear the name of a married woman and, in that way, to hide the shame of having had an illegitimate child, intending to leave her husband at the church door and not see him again, which plan she carried into effect. Anders v. Anders, 224 Mass. 438, 113 N. E. 203, L. R. A. 1916E, 1273.

Where the woman falsely represents to a man that during his absence from the state she had given birth to a child of whom he is the father, and whom she purports to exhibit to him, no such child having been born. Di Lorenzo v. Di Lorenzo, 174 N. Y. 467, 67 N. E. 63, 63 L. R. A. 92, 95 Am. St. 609.

Insanity at time of marriage. Sims v. Sims, 121 N. C. 297, 28 S. E. 407, 40 L. R. A. 737, 61 Am. St. 665; Roether v. Roether, 180 Wis. 24, 191 N. W. 576, 28 A. L. R. 631, and note.

Where a woman is pregnant by another man at time of marriage. Baker v. Baker, 13 Cal. 88; Harrison v. Harrison, 84 Mich. 559, 54 N. W. 275, 34 Am. St. 364.

Duress and impersonation are other examples. In order to constitute such fraud there must be something that destroys the consent which blots out all semblance of contract—or it must impose at the time of marriage upon the one wronged, burdens and obstacles wholly unexpected and of such character that they tend to the destruction of domestic happiness and promote humiliation disclosing a situation intolerable to society and detrimental to the marriage relation.

The facts in the instant case are not so persuasive as were the facts in Smith v. Smith, 112 Misc. 371, 184 N. Y. Supp. 134. Other courts do not confine the actionable fraud to the essentialia of the marriage contract. Gatto v. Gatto, 79 N. H. 177, 106 Atl. 493. It is sufficient for the purposes of this case to say that the facts do not warrant the finding of fraud as contemplated by section 8581, G. S. 1923. The misfortune of plaintiff is no different than that of every married person whose spouse is committed to the hospital for incurable insanity. In fact, that may not be the case here, but it possibly is. If dissolution of the marriage contract is to follow incurable insanity it is for the legislature to make that a ground for divorce. That body, in its wisdom, defines the policy and grounds for divorce, with which the courts cannot interfere, and obedience thereto by the courts is both easy and a pleasing duty.

Affirmed.

Mr. Justice Holt absent, illness.