**Harry M. Morrison, Appellant, v. Dora I. Morrison, Appellee.**

1. Witnesses—*husband as witness in suit for annulment of marriage where wife confined in asylum for insane.* Where at the time of the hearing on a bill to annul a marriage upon the ground

that the complainant was fraudulently induced to consummate the marriage by the false representations of the defendant that she was in good health and free from all infectious or communicable diseases, the defendant was confined in an asylum for the insane and appeared by a conservator *ad litem*, the complainant was not a competent witness in the suit.

2. HUSBAND AND WIFE—*sufficiency of evidence to show wife afflicted with syphilis at time of marriage.* Evidence on a bill to annul a marriage upon the ground that the complainant was fraudulently induced to consummate the marriage by the false representations of the defendant that she was not afflicted with syphilis, held insufficient to show that the defendant was so afflicted at the time of the marriage.

3. HUSBAND AND WIFE—*denial of annulment of marriage for fraudulent concealment of affliction with syphilis where complainant continued cohabitation nine years after receiving information of affliction.* Where the evidence on a bill to annul a marriage upon the ground that the complainant was fraudulently induced to consummate the same by the false representations of the defendant that she was not afflicted with syphilis showed that the complainant cohabited with the defendant for nine years after he had information that defendant was so afflicted, the bill was properly dismissed for want of equity.

Appeal by plaintiff from the Circuit Court of Marion county; the Hon. F. R. DOVE, Judge, presiding. Heard in this court at the March term, 1926. Affirmed. Opinion filed July 9, 1926.

L. B. SKIPPER, for appellant.

ANDREW J. DALLSTREAM, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

A bill was filed by appellant in the circuit court of Marion county charging that appellee, through false and fraudulent representations made by her to the effect that she was a person of good health and free from all infectious or communicable diseases of any kind or character, induced appellant to intermarry with her; that said marriage was consummated on October 2, 1908, and that thereafter they lived and cohabited together as husband and wife until appel-

lant learned that appellee was suffering from the disease of syphilis; "that by reason of the said Dora I. Morrison having said communicable disease, it is impossible for her to perform the duties and obligations of their said marriage relations and renders its assumption and continuance dangerous to your orator's health and life."

It was represented to the court that appellee had been committed to an insane asylum, and a conservator *ad litem* was appointed to represent her. The conservator *ad litem* filed a general answer, neither admitting nor denying the allegations of said bill, but demanding strict proof thereof. A trial was had resulting in a finding in favor of the defendant, and a decree was entered dismissing said bill for want of equity. To reverse said decree, this appeal is prosecuted.

Appellant testified in his own behalf, to the effect that prior to his marriage with appellee he had received information that she had a venereal disease, and that he, appellant, stated to appellee that he wanted to raise children and that if she had such disease he would not marry her; that appellee replied that the information was untrue, that she did not have such a disease and never had had, and that she was a healthy woman; that upon her said representations he married her; that thereafter they lived together as husband and wife until 1916 or 1917, when he learned from the witness Dr. Stoker, and from Mayo Brothers of Rochester, Minnesota, that appellee had syphilis, and had had the same for some while and that the same was a communicable disease; that upon learning of this, he ceased living with her.

It being conceded that appellee was mentally incompetent and had been committed to an asylum for the insane, appellant was not a competent witness in a suit against her. *Holton v. Dunker,* 198 Ill. 407-411. Eliminating the testimony of appellant, the

question arises as to whether the remaining evidence in the record is sufficient to prove the allegations of the bill.

Dr. W. A. Stoker, a witness for appellant, testified that some time in the year 1917 he examined appellee, and that "at that time she was a well marked case of what is commonly called paresis." He further testified: "I have heard the statement of Mr. Morrison, the complainant here on the witness stand, describing her condition and what the specialist in St. Louis said about her condition; in my opinion, in 1908, and for some time before that, the complainant was suffering from this same disease, syphilis."

Mrs. Sharp, a sister of appellee, being the only other witness on behalf of appellant, testified that she heard a conversation between appellant and appellee in which appellant informed appellee that he had heard that she had the disease of syphilis, and that her sister denied it. She also testified that she "had been to St. Louis with her (appellee) for the purpose of having her doctored; and was being treated for a venereal disease, contagious—the one that is commonly called syphilis; she was there under that treatment, as well as I can remember, about four or five months." This witness further testified: "They were married in 1908, and continued to live together as husband and wife up until the time she went to Rochester, Minnesota, to Mayo Brothers, in 1917; * * * they were at Mayo Brothers two weeks; upon their return from Rochester, they came back to Centralia; that would be sometime during the month of May, 1917 * * *. I never had any talks with my sister after they returned from Rochester, with reference to what transpired up there; she never made any statements to me with reference to what their relations were after their return from Rochester."

An examination of Mrs. Sharp's testimony clearly discloses that she herself was not at Rochester, Min-

nesota, with appellee, and whatever information she had with reference to the diagnosis made by Mayo Brothers was derived from appellee or from appellant. No physician from Mayo Brothers' institution testified on the trial. Dr. Stoker did not examine appellee until 1917, and then diagnosed her case as one of paresis. However, he drew the conclusion from his examination at that time, and from the testimony of appellant as to the history of appellee's case, and from Mrs. Sharp's statement of what the doctors in St. Louis had said about her disease, that she was in 1908, at the time of her marriage with appellant, suffering from the disease of syphilis. This evidence is not sufficient upon which to base a finding that in 1908, at the time of said marriage, appellee had syphilis.

Without reference to whether fraudulent representations of the character set forth in appellant's bill would in this State, if proved, be held sufficient to warrant a decree annulling the marriage relation, we are of the opinion and hold that the fact that appellant cohabited with appellee from 1908 to 1917, after having had information to the effect that she had a venereal disease, would warrant a court of equity in denying relief.

In *Lyon v. Lyon*, 230 Ill. 366, the court at page 370, in discussing the question of fraudulent representations as connected with the marriage relation, says:

"Concealment of the fact that the woman had previously been insane has been held insufficient to justify a decree of nullity of marriage. *Cummington v. Belchertown*, 149 Mass. 223. So has concealment of kleptomania. *Lewis v. Lewis*, 44 Minn. 124. Also concealment by a woman of unchastity prior to marriage. *Leavitt v. Leavitt*, 13 Mich. 452; *Allen's Appeal*, 99 Pa. St. 196; *Varney v. Varney*, 52 Wis. 120. Also concealment of a prior marriage. *Donnelly v.*

364          APPELLATE COURTS OF ILLINOIS.

Terminal R. Ass'n of St. L. v. Cain-Hurley L. Co., 241 Ill. App. 364.

*Strong,* 175 Mass. 157; *Fisk v. Fisk,* 6 N. Y. App. Div. 432. Also concealment of the birth of an illegitimate child prior to marriage. *Farr v. Farr,* 2 MacArth. (D. C.) 35; *Smith v. Smith,* 8 Ore. 100.

"The fraudulent representations for which a marriage may be annulled must be of something essential to the marriage relation—of something making impossible the performance of the duties and obligations of that relation, or rendering its assumption and continuance dangerous to health or life." Citing *Smith v. Smith,* 171 Mass. 404; *Ryder v. Ryder,* 66 Vt. 158; *Cummington v. Belchertown, supra.*

It might also be observed that appellant's contention that appellee has had syphilis, a communicable disease, since prior to their marriage in 1908, and that he and appellee cohabited together as husband and wife until 1917, without his becoming aware of such condition, is somewhat inconsistent.

We are of the opinion and hold that the trial court did not err in dismissing appellant's bill for want of equity. For the reasons above set forth, the judgment and decree of the trial court will be affirmed.

*Judgment affirmed.*