## PAULINE REYNOLDS v. FREDERICK E. REYNOLDS.[1]

May 20, 1927.

No. 26,017.

**Annulment of marriage for fraud.**
    In the absence of issue or any equity tending against that result, a marriage may be annulled where the defendant was prohibited by law from entering into it because he had been divorced from a former wife within six months, and induced the consent of plaintiff to the marriage by a false representation of no divorce within the six-month period.

Marriage, 38 C. J. p. 1300 n. 4.

See note in L. R. A. 1916C, 748; 9 R. C. L. 503; 2 R. C. L. Supp. 817.

Plaintiff appealed from an order of the district court for Hennepin county, Nordbye, J., sustaining a demurrer to her complaint. Reversed.

*Lancaster, Simpson, Junell & Dorsey* and *C. F. Noonan*, for appellant.

*Rodney T. Petersen*, for respondent.

STONE, J.
In this action by the wife for the annulment of a marriage on the ground of fraud, a general demurrer to the complaint was sustained, and plaintiff appeals. Plaintiff and defendant, according to the complaint, were married "in form" at St. Cloud on July 7, 1924, which was less than six months from January 21, 1924, on which date plaintiff avers defendant was divorced by the district court in Hennepin county from a former wife. If that is true, defendant was then subject to G. S. 1923, § 8564, which provides that "No marriage shall be contracted while either of the parties has a husband or wife living; nor within six months after either has been divorced from a former spouse."

[1]Reported in 214 N. W. 650.

The complaint further avers that, for the purpose of inducing her to consent to the marriage, defendant "falsely and fraudulently represented and pretended to plaintiff that he was legally capable" of contracting marriage and under no disability, legal or otherwise, "which would prohibit or prevent him" from marrying plaintiff. In that connection it is alleged that in order to procure the marriage license, defendant made and filed his oath (under G. S. 1923, § 8569), wherein he stated that neither he nor plaintiff had been divorced "by any decree in any court made and entered within six months prior to the date of this application" and that there was "no legal impediment to said contemplated marriage." Our statute, G. S. 1923, § 8581, provides for the annulment of a marriage for incapacity to assent, for want of age or understanding and also when the consent of either spouse "has been obtained by force or fraud, and there is no subsequent voluntary cohabitation of the parties." The complaint negatives such cohabitation.

The learned trial judge sustained the demurrer because he was of the view that, within the rule of Robertson v. Roth, 163 Minn. 501, 204 N. W. 329, 39 A. L. R. 1342, "the alleged concealment does not go to the essence of the contract." In that connection, he recognized the "paradox that marriages prohibited by statute are nevertheless valid and not voidable; but that," he thought, was "a matter for the legislature and not for the courts." In Robertson v. Roth, supra, and Wemple v. Wemple, 170 Minn. 305, 212 N. W. 808, we have had occasion recently to consider the authorities with respect to the annulment of marriage on the ground of fraud, and it is not necessary to cite them again here. It is apparent that our view of the fraud sufficient for annulment is not quite so restricted as that entertained by some other courts for whose opinions we have the highest regard. The principal justification for our broader notion of the matter lies in the fact, perhaps, that marriage, "so far as its validity in law is concerned," is here considered a "civil contract" (G. S. 1923, § 8562). The statute providing for annulment for fraud does not attempt to limit or characterize the fraud necessary to an annulment.

Leaving the broader aspects of the question to the two recent decisions above cited, we have here a representation that defendant was legally free to marry and that he would not be committing any offense in becoming immediately the husband of plaintiff. Defendant could not have procured the license without making of himself a felon subject to the pains and penalties of perjury. No normal person willingly marries a felon, nor willingly assists another to make one of himself.

Fraud subjects the ordinary contract to invalidation because it induces an assent which is spurious rather than genuine, and without now extending the doctrine of Wemple v. Wemple, we consider that we have in the instant case an allegation of such fraud as will justify an annulment. The misrepresentation went directly to the status of defendant and to a circumstance so vital that plaintiff's consent to the marriage must be considered as spurious rather than genuine—at least that will be so if she proves her case as pleaded.

The policy of the statute which so explicitly prohibits remarriage within six months of divorce, wherever obtained, is clear. The intent of the law is not in doubt. The absence of a declaration of the nullity of marriages within six months of divorce is obviously in the interests of the innocent and not the guilty party. Therefore, to say that in no case can misrepresentation as to nondivorce within six months justify an annulment would insure to all fraudulent violators of the statute the fruits of their own wrongdoing. In view of the obvious policy of the law, misrepresentation by a spouse of his status under it is fraud. We find nothing which enables us to say that it is not a kind of fraud contemplated by our statute, unrestricted by express qualification, permitting annulment for fraud. That the statute does not itself nullify puts no bar in the way of plaintiff's suit to annul, she being the innocent party. There is here no bar because of cohabitation or other inconsistent conduct on the part of plaintiff or because there are children to be considered. The marriage is without issue.

Order reversed.

WILSON, C. J. (concurring).

My judgment is that G. S. 1923, § 8564, does not destroy the ability of one who has been divorced within six months to enter into a marriage contract. State v. Yoder, 113 Minn. 503, 130 N. W. 10, L. R. A. 1916C, 686. I believe this case should be controlled by the rule of Robertson v. Roth, 163 Minn. 501, 204 N. W. 329, 39 A. L. R. 1342. I think, however, since and following the doctrine of Wemple v. Wemple, 170 Minn. 305, 212 N. W. 808, I am controlled by the rule of stare decisis and therefore reluctantly concur in the result.