# Murray Denzel Helfrick, Appellant, v. Frances May Helfrick, Appellee.

## Gen. No. 8,091.

1. MARRIAGE—*annulment for fraudulent representations.* The fraudulent representations for which a marriage may be annulled must be of something essential to the marriage relation—of something making impossible the performance of the duties and obligations of that relation or rendering its assumption and continuance dangerous to health or life.

2. MARRIAGE—*pregnancy at marriage by other than husband as ground of annulment.* A marriage will not be annulled on the ground .that the wife falsely and fraudulently represented that her pregnant state at the time of marriage was due to her husband instead of to a third party.

Appeal by plaintiff from the Circuit Court of Champaign county; the Hon. F. H. BOGGS, Judge, presiding. Heard in this court at the April term, 1927. Affirmed. Opinion filed October 31, 1927.

EARL WAGNER and HERRICK & HERRICK, for appellant.

CHARLES E. ERBSTEIN and HARRY E. KERKER, for appellee.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

Appellant filed his bill in equity, in the circuit court of Champaign county against appellee, his wife, to annul and dissolve the marriage with appellee, which took place upon November 14, 1925, in Illinois, based upon the ground that appellee fraudulently represented to appellant, at the time of said marriage, and before that time, that she was pregnant with child, by appellant, when in truth and in fact she was pregnant by another man, which fact she fraudulently and corruptly concealed from appellant.

The bill contained the other necessary and proper averments. There was a demurrer filed to the bill, a

hearing and the court sustained the demurrer and the bill was dismissed for want of equity. Appellant has brought the record to this court, by appeal, for review. While a considerable line of very respectable authority is cited in support of the doctrine that the facts stated in the bill, constitute a ground for annulment, such as *Wallace v. Wallace,* 137 Iowa 37, 114 N. W. 527, 14 L. R. A. (N. S.) 544; *Lyman v. Lyman,* 90 Conn. 399, 97 Atl. 312, L. R. A. 1916 E 643; *Gard v. Gard,* 204 Mich. 255, found in 11 A. L. R. 923, where the authorities are collated and the principles discussed, still a cursory examination of the cases cited, shows that the result arrived at, in many of the states, is based upon the statute of the state, where the case was decided, and that the principle involved would be in conflict with the Illinois statute providing for divorce.

Our own court in *Lyon v. Lyon,* 230 Ill. 366, 370, has laid down the rule: "Concealment of the fact that the woman had previously been insane has been held insufficient to justify a decree of nullity of marriage. *Cummington v. Belchertown,* 149 Mass. 223, 21 N. E. 435, 4 L. R. A. 131. So has concealment of kleptomania. *Lewis v. Lewis,* 44 Minn. 124, 46 N. W. 323, 9 L. R. A. 505, 20 Am. St. Rep. 559. Also concealment by a woman of unchastity prior to marriage. *Leavitt v. Leavitt,* 13 Mich. 452; *Allen's Appeal,* 99 Pa. 196, 44 Am. Rep. 101; *Varney v. Varney,* 52 Wis. 120, 8 N. W. 739, 38 Am. Rep. 726. Also concealment of a prior marriage. *Donnelly v. Strong,* 175 Mass. 157, 55 N. E. 892; *Fisk v. Fisk,* 6 App. Div. 432, 39 N. Y. Supp. 537. Also concealment of the birth of an illegitimate child prior to marriage. *Farr v. Farr,* 2 MacArth. (D. C.) 35; *Smith v. Smith,* 8 Or. 100. The fraudulent representations for which a marriage may be annulled must be of something essential to the marriage relation—of something making impossible the

performance of the duties and obligations of that relation, or rendering its assumption and continuance dangerous to health or life. *Smith v. Smith,* 171 Mass. 404, 50 N. E. 933, 41 L. R. A. 800, 68 Am. St. Rep. 440; *Ryder v. Ryder,* 66 Vt. 158, 28 Atl. 1029, 44 Am. St. Rep. 833; *Cummington v. Belchertown, supra.*"

We know of no modification of this rule by the courts in Illinois, and so long as this remains the established law in this state, in the opinion of this court, the facts stated in the bill, do not state a ground for equitable relief.

The decree of the circuit court of Champaign county is affirmed.

*Affirmed.*