CATHRYNE WILLIAMS, Appellee, v. WALTER WILLIAMS, Appellant.

No. 45464.

APRIL 8, 1941.

Thornell, Thornell & Nichols, for appellant.

Kimball, Peterson, Smith & Peterson, for appellee.

MILLER, J.—On March 15, 1930, plaintiff filed a petition for separate maintenance, asserting that defendant had been guilty of adultery and praying judgment for separate maintenance and the custody of three minor children. On April 14, 1930, a decree was entered whereby plaintiff was given custody of the three children, all girls, ages 15, 13 and 5, respectively, and it was further ordered, "that defendant deposit in the Iowa State Bank at Hamburg, Fremont County, Iowa, the sum of $20.00 on Saturday, April 26th, 1930, and on each and every Saturday following he make a like deposit in said bank, for the support, or maintenance of this plaintiff and said minor children until the further order of this court."

On February 9, 1940, plaintiff filed an application for citation for contempt, reciting that defendant had made the payments of $20 per week by depositing same in the bank at Hamburg to August 19, 1939, but had made no payment since that time. In an amendment to said application, the plaintiff acknowledged certain payments in January 1940, and further stated, "That plaintiff is in poor health, which has been brought upon her largely through sickness caused to her by defendant and that it is impossible for her to support herself and the minor child of the parties, age 14 years, on such meager amount as has been sent by defendant to plaintiff during the past six months as above set out." The prayer was that defendant be cited for contempt.

On February 14, 1940, defendant filed a resistance to the application for citation for contempt, asserting that he had been paying all he was able to pay, did not know plaintiff's whereabouts and had been unable to learn her address although he

had endeavored to do so. and praying that the application for citation for contempt be dismissed. Defendant also filed an application to modify the decree, asserting that, since the entry of such decree two of the minor children had reached the age of majority and both were married, and that the youngest child, then 14 years old, was the only one residing with her mother; that, when the decree was entered, defendant was making approximately $200 per month and is now making $118 per month; his personal expenses amount to approximately $100 per month; it is impossible for him to make the payments set out in the decree, and he asks that the decree be modified and that ''the defendant be required to pay to the plaintiff for the support of herself and the minor child, such sums as the court may find the defendant able to pay but far less than the sum of $20.00 per week.'' Defendant also filed an application to set aside and expunge the decree, asserting that he complied with it until the year 1934 when the plaintiff and the minor children came to Hamburg and lived with him for a period of about five months, that all prior acts of the defendant were condoned and forgiven and the decree was no longer of any force and effect. Defendant prayed that the decree be set aside and expunged and declared to be of no force and effect.

Plaintiff filed answer to the application to set aside and expunge the decree, asserting that on July 16, 1934, ''at the urgent request of defendant and upon his definite promise to stop running around and consorting with other women'' she permitted defendant to move her and the two youngest children to Hamburg to live with defendant but, ''contrary to his promise and in complete disregard of his marital rights, defendant very soon started again to run around and consort with other women,'' and it was impossible for plaintiff and the children to continue to live with him; plaintiff and the children moved to Glenwood, Iowa, and defendant ''then proceeded to comply with the decree of separate maintenance by payment of $20.00 per week from said December, 1934, to approximately August of 1939, at which time he ceased making payments, all as set out in the citation for contempt of court.'' Plaintiff denied all allegations of defendant's application not specifically admitted. Plaintiff also filed

answer to the application to modify the decree which was primarily in the nature of a general denial.

Hearing was had. The court determined from the evidence that the attempt toward re-establishing the home was conditional, of short duration and futile; that the parties did not treat it as a condonation, but immediately thereafter began and continued to conduct themselves on the terms provided in the decree. The application to expunge the decree was denied. The court further found the defendant in contempt because of default under the decree in the sum of $300. The court further determined that the amount of payments required in the decree should be reduced to the sum of $12 per week, commencing February 17, 1940, and ordered that commitment should not issue for contempt as long as the defendant made regular payments, as above provided, in the sum of $12 per week. Defendant appeals.

I. Appellant's first proposition asserts that the court erred in failing to set aside and expunge the decree for separate maintenance. He contends that the reconciliation in 1934 constituted condonation of the acts upon which the decree had been based and, therefore, of itself annulled the decree so that it was necessary for plaintiff to commence a new action before she could become entitled to separate maintenance. Appellant further contends that, since the decree for separate maintenance should have been set aside and expunged, the court should have found and determined that appellant was not in contempt thereunder. We find no merit in such contentions.

Appellee testified as follows: "In 1934 my husband and I, together with our children took up our residence in Hamburg. We talked it over, and he said that he was not seeing this other woman any more. Q. And how long was it before you found out that representation was not true? A. Very shortly. Mr. Nichols: Objected to as something not in evidence. Q. Did you find out that wasn't true? A. Yes, sir. Q. Did he continue to see this other woman? A. He did. Mr. Nichols: I would like her to state the facts."

Appellant contends that the evidence is insufficient to establish appellee's contention that the reconciliation was conditional. We cannot agree with appellant. In the case of Craig v. Craig,

129 Iowa 192, 195, 105 N. W. 446, 448, 2 L. R. A., N. S., 669, we state:

"Condonation is always conditional on the fact that the party forgiven will thereafter abstain from the commission of like offenses. If they are afterwards committed, the original wrong is revived, and may be counted upon as cause for divorce. Lewis v. Lewis, 75 Iowa, 200; Douglass v. Douglass, 81 Iowa, 258; Shackleton v. Shackleton, 48 N. J. Eq. 364 (21 Atl. Rep. 935, 27 Am. St. Rep. 478); Ryder v. Ryder, 66 Vt. 158 (28 Atl. Rep. 1029, 44 Am. St. Rep. 833). While there was perhaps a condonation by plaintiff, the implied, as well as express, condition upon which it was granted was violated, and the case should be treated as if no promise of forgiveness had been made."

We see no occasion to depart from the position taken by us in the above quotation. We are of the opinion and hold that the evidence was sufficient to support the court's holding that the reconciliation was conditional, of short duration and futile. Also, the evidence is undisputed that the parties did not treat it as a condonation, did not consider the decree abrogated, but immediately thereafter appellant continued to comply with its provisions for a period of nearly five years. The court was right in holding that the decree is still in effect and that appellant's failure to comply therewith was sufficient to place him in contempt.

II. Appellant further complains of the amount of reduction made in the weekly payments and insists that under the evidence they should have been reduced to $5.50 per week instead of $12 per week. We will not undertake to review the evidence on this issue. It has been given careful consideration by us. We are not disposed to interfere with the determination made by the court below.

By reason of the foregoing, the order appealed from must be and it is affirmed.—Affirmed.

HALE, C. J., and SAGER, OLIVER, BLISS, WENNERSTRUM, and GARFIELD, JJ., concur.