C——, Appellant, vs. C——, Respondent.

*September 16—October 6, 1914.*

**Divorce: Cruelty: Infecting spouse with venereal disease: Annulment of marriage: Fraud: Confirmation.**

1. In an action for divorce wherein the wife charged that defendant was afflicted with a venereal disease at the time of the marriage and transmitted it to her, but the husband denied this and in a counterclaim made the same charge against her, a finding by the court in favor of the husband is *held* to be supported by the evidence.

2. Where a wife, having concealed her previous unchastity and the fact that she was afflicted with a loathsome venereal disease, infected the innocent husband therewith, there was such a fraud as entitled him to an annulment of the marriage under sub. 4, sec. 2351, Stats., if there was no confirmation of the marriage after discovery of the fraud.

3. The fact that through the fraud and concealment of the guilty party the other has, without his knowledge and consent, already been infected, cannot of itself be considered a confirmation of the marriage.

4. In this case, after the first three or four days subsequent to the marriage and as soon as the husband discovered his infection no sexual intercourse took place between the parties. He frequently told her they must separate, but permitted her to remain in the same house with him for several months. He was ignorant and slow-minded. The court found that a permanent cure of her disease was improbable. *Held*, that there had been no confirmation of the marriage.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Action for divorce. Plaintiff, aged thirty-three, and defendant, aged thirty-seven, intermarried July 11, 1911, and lived in the same household ostensibly as man and wife till about December 20, 1912, when they separated. In March, 1913, plaintiff began a suit for divorce against her husband alleging cruel and inhuman treatment, and charging him with being afflicted with gonorrhea at the time of the marriage and transmitting the disease to her. The defendant denied the allegations and in a counterclaim made the same charges against the plaintiff. The court as facts found that the allegations of the complaint were not true; that at the time of her marriage plaintiff, to her knowledge but not to the knowledge of the defendant, was afflicted with gonorrhea, and in the three or four acts of intercourse that at any time ever took place between them and which occurred shortly after they were married, she infected him therewith; that thereafter, and until she left, she continued to live in the same house with him ostensibly as his wife, but he did not occupy the same room with her nor have sexual intercourse with her; "that during the said time he frequently suggested to her that they separate, and endeavored to procure a separation; that the defendant at no time after learning of his infection as aforesaid intended ever to resume full marital relations with the plaintiff, and ever thereafter expected a separation; that the defendant is extremely diffident and sensitive to ridicule, unsophisticated, ignorant, and slow-minded, and because thereof and his expectation of separation as aforesaid did not promptly sever entirely his relations with the plaintiff, but permitted her to live in the same house with him as aforesaid until she voluntarily left;" that a permanent cure of her disease is improbable; that defendant is the owner of a farm and personal property worth $3,300; and that plaintiff has no property, but is able to maintain herself as a cook or servant in hotels. As conclusions of law the court found that the defendant, by continuing to live with his wife in

the same household, did not condone plaintiff's fraud or cruel treatment; that he was entitled to an annulment of the marriage on the ground of fraud, and if not, he was entitled to a divorce on the ground of cruel treatment. From a judgment of annulment of the marriage the plaintiff appealed.

For the appellant the cause was submitted on the briefs of *Grady, Farnsworth & Kenney*.

For the respondent there was a brief by *E. E. Brossard* and *Burke & Lueck*, and oral argument by *Mr. Brossard*.

VINJE, J.  Plaintiff challenges every material fact found by the trial court as not sustained by the evidence, and especially the finding that the plaintiff was affected with gonorrhea at the time of her marriage and knowingly infected the defendant therewith.  The evidence presents a sharp conflict as to which spouse was first affected, but the finding made is supported by the defendant's testimony and some fairly persuasive, though not conclusive, corroborating testimony of a physician to the effect that upon examination of plaintiff before marriage he found a condition that usually indicates gonorrhea but not necessarily so, and also a condition that usually but not necessarily evidences loss of virginity.  The question of the veracity of the parties was peculiarly one for the trial judge and he believed the defendant.  From a careful perusal of the evidence we cannot say that he erred in so doing.  The same result is reached as to the other facts found. We cannot say that they are not supported by the evidence.

The question arises whether or not the defendant was entitled to an annulment of the marriage upon the facts found. Our statutes, sec. 2351, sub. 4, provide that a marriage may be annulled for "fraud, force, or coercion, at the suit of the innocent and injured party, unless the marriage has been confirmed by the acts of the injured party."  The first inquiry arising under the provisions of the statute and the facts

is whether the infection of the defendant as found constitutes fraud within the meaning of the statute. In *Varney v. Varney,* 52 Wis. 120, 8 N. W. 739, it was held that the concealment by a woman of her previous want of chastity was not such a fraud as would entitle the husband to an annulment of the marriage. That decision is founded upon sound public policy and should not be questioned. But quite a different situation is presented when there is not only a want of chastity but the presence of a loathsome venereal disease that seriously and bodily affects the innocent spouse. In such cases annulment has been granted where there has been no confirmation of the marriage relation after the discovery of the fraud. *Smith v. Smith,* 171 Mass. 404, 50 N. E. 933; *Svenson v. Svenson,* 178 N. Y. 54, 70 N. E. 120; *Ryder v. Ryder,* 66 Vt. 158, 28 Atl. 1029; *Crane v. Crane,* 62 N. J. Eq. 21, 49 Atl. 734; *Anonymous,* 21 Misc. 765, 49 N. Y. Supp. 331. But where there has been a confirmation of the marriage, annulment will be denied. *Vondal v. Vondal,* 175 Mass. 383, 56 N. E. 586. Considerations of morality and health alike dictate that neither spouse should be compelled to submit to the indignity and menace presented by such an infection. The fact that through the fraud and concealment of the guilty party the other has, without his knowledge and consent, already been infected aggravates rather than palliates the fraud, and cannot of itself be considered a confirmation of the marriage. The facts found in this case justified the conclusion of the trial court that plaintiff was guilty of such fraud as, in the absence of confirmation of the marriage, entitled the defendant to an annulment thereof.

A second question arising upon the facts found is whether the defendant by his conduct confirmed the marriage. The trial court found he did not, and after a careful consideration of all the evidence we cannot say the finding is erroneous. It is undisputed that after the first three or four days subsequent to the marriage and as soon as defendant discovered

his infection no sexual intercourse took place between them. He frequently after that told her they must separate and that he would not resume the full marital relation. His permitting her to remain in the same household for the length of time she did under the circumstances disclosed by the evidence, and in view of the ignorance and slow-mindedness of the defendant, cannot be held a confirmation of the marriage. He disaffirmed an essential part of the marriage relation as soon as he discovered the fraud and continuously and consistently persisted therein. The court also found that a permanent cure of her disease was improbable, and it has been held that where the menace from a disease is a continuing one there can be no condonation. *Hooe v. Hooe,* 122 Ky. 590, 92 S. W. 317, 5 L. R. A. N. s. 729; *Ryder v. Ryder,* 66 Vt. 158, 28 Atl. 1029; *Williams v. Williams,* 77 Ill. App. 229; *Wilson v. Wilson,* 16 R. I. 122, 13 Atl. 102.

*By the Court.*—Judgment affirmed.