This is an action for the annulment of the marriage contracted between plaintiff and defendant, on the ground that defendant fraudulently misrepresented and concealed from plaintiff the fact that she was afflicted with syphilis prior to the marriage.
Defendant being insane, Thomas P. Lahey was appointed as her guardian ad litem to represent her in this action.
The trial resulted in a judgment for defendant, and the plaintiff appeals.
The record shows an undisputed state of facts. Plaintiff and defendant were married in January, 1933, in St. Louis. Prior to the marriage defendant worked for plaintiff as his housekeeper for several months at his home. Plaintiff was a widower at the time. He lived with his first wife until her death. Defendant was married but had separated from her husband. She told plaintiff that she left her husband on account of his abusive treatment of her. She obtained a divorce prior to her marriage with plaintiff. Plaintiff upon proposing marriage to defendant inquired of her as to the condition of her health and as to whether or not she had any venereal disease. She assured him that she had nothing the matter with her. Plaintiff testified that during the latter part of 1933 defendant began to act peculiar; that during said time he frequently came home to find the house cold, his meals unprepared, and defendant in a very nervous condition; that he obtained medicines for her and finally took her to a physician. The physician treated her for nervousness, and finally a blood test was taken in January, 1934, which showed defendant suffering from syphilis. When plaintiff told defendant that she had deceived him, she told him that she had been raped when she was a young girl. She begged him to help her, and upon her plea he permitted her to stay in his home, but not as his wife, until October 13th, when she was taken to the observation ward of the City Hospital. She was confined there for a period of ten days, and then removed to the City Sanitarium, where she remained at the time of the trial suffering from paresis. Immediately upon discovering that defendant was afflicted with syphilis, plaintiff ceased to cohabit with her and did not cohabit with her thereafter. Plaintiff explained that he was cautious in asking defendant prior to their marriage as to whether she had any venereal disease because she had told him the story of having suffered much abuse and neglect at the hands of her first husband, and that he drank to excess and frequently stayed out all night, and he realized that under such conditions defendant might have been subject to contracting a venereal disease, and for this reason he inquired of the defendant prior to the marriage as to whether she suffered from a venereal disease.
It was shown by the hospital records that defendant when admitted to the hospital was suffering from syphilis in the last stage, and that the disease had been contracted many years ago.
Plaintiff testified positively that he had no knowledge of defendant's condition prior to the marriage.
Plaintiff's reputation for truthfulness and honesty was shown to be good.
The evidence of fraudulent misrepresentation or concealment by defendant of the fact that she was suffering from syphilis is shown by clear, satisfactory, and convincing evidence. Such a fraud pertains to an essential of the marriage relation and obviously entitles plaintiff to an annulment of the marriage. Jordan v. Missouri Kansas Telephone Co., 136 Mo. App. 192,116 S.W. 432; Ryder v. Ryder, 66 Vt. 158, 28 A. 1029, 44 Am.St. Rep. 833; Crane v. Crane, 62 N.J. Eq. 21, 49 A. 734; Sobol v. Sobol, 88 Misc. 277, 150 N.Y.S. 248; C. v. C., 158 Wis. 301,148 N.W. 865, 5 A.L.R. 1013; Doe v. Doe, 5 W.W.Harr., Del., 301,165 A. 156; Meyer v. Meyer, 49 How.Prac., N.Y., 311; Svenson v. Svenson, 178 N.Y. 54, 70 N.E. 120; Anonymous, 21 Misc. 765,49 N.Y.S. 331.
Defendant urges that plaintiff's petition fails to state a cause of action in that it does not allege that the fraudulent misrepresentation of defendant was relied on by plaintiff. The petition was not attacked in any manner in the court below. It alleges the facts in detail, and, while it does not expressly allege that plaintiff relied on the misrepresentation, such reliance appears by necessary intendment. It is clear that the petition does not wholly fail to state a cause of action.
The judgment should be reversed and the cause remanded to the circuit court with directions to enter judgment annulling the marriage in accordance with the prayer of the petition. The Commissioner so recommends.