**Wafica KSHAIBOON, Respondent,**

v.

**Edward KSHAIBOON, Appellant.**

No. 44858.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 19, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 26, 1983.

Robert O. Appleton, Jr., Appleton, Newman & Kretmar, Clayton, for appellant.

Herbert D. Schaeffer, Clayton, for respondent.

*Graham,* 604 S.W.2d 626, 630 (Mo.App.1980).

SMITH, Judge.

Defendant appeals from the action of the trial court granting plaintiff an annulment of the parties' marriage. We affirm.

Defendant contends that the trial court failed to adequately set forth the grounds for its decision after being requested to do so by defendant. We find the factual bases for the court's decision are adequately stated.

Annulment was based upon several grounds—misrepresentation of sexual ability and proclivities, misrepresentation of interest in having children, and improper utilization of marriage to obtain permanent residency status in the country. While we entertain some doubts of the sufficiency of the evidence to support the last two grounds, we need not reach those. We find the evidence sufficient to support the first ground. Nor do we find it necessary to detail the personal sexual relationship of the parties. It is sufficient to say that the defendant lacked the physical or mental capability to engage in a normal sexual relationship with plaintiff and that his only sexual activities with her after the marriage were of the unnatural type. The evidence also supports a valid inference that this condition was known to defendant prior to marriage and that he concealed such fact from plaintiff. The evidence supports the decree of annulment. The sexual relationship is an essential element of the marital relationship and defendant's concealment of his limitations and preferences in that regard justified an annulment. *Watson v. Watson*, 143 S.W.2d 349 (Mo.App. 1940) [1, 2].

The judgment is supported by the evidence and no error of law appears. An extended opinion would have no precedential value and we affirm pursuant to Rule 84.16(b).

Judgment affirmed.

PUDLOWSKI, P.J., and KELLY, J., concur.