Jerry Herman **CHARLEY**, Appellant,

v.

F. Sharon **FANT**, Respondent.

No. WD 49225.

Missouri Court of Appeals,
Western District.

Feb. 14, 1995.

Allen S. Russell, Kansas City, for appellant.

Philip Eveloff, St. Joseph, for respondent.

Before HANNA, P.J., and
BRECKENRIDGE and SMART, JJ.

HANNA, Presiding Judge.

This is an appeal from the trial court's order sustaining a motion to dismiss. The plaintiff and defendant were husband and wife until their marriage was dissolved in May 1992. Mr. Charley, the ex-husband, filed a lawsuit against his ex-wife, Ms. Fant, alleging that he was fraudulently induced into their marital relationship because she failed to tell him that she had been married before. The trial court sustained the defendant's motion to dismiss. Also, the trial court, on its own motion, assessed a fine against both the plaintiff and his attorney for the commencement and pursuit of a frivolous lawsuit.

In the dissolution proceedings, Ms. Fant alleged in her petition for dissolution and the court specifically found that the parties had commenced a common law marriage in Texas

in October 1984, which marriage was recognized by the state of Missouri.[1] The parties formalized their marriage by a wedding ceremony on February 14, 1989, in Savannah, Andrew County, Missouri, and separated on July 29, 1991. Although the parties had marital property and debts, they did not enter into a written or oral separation agreement. The court entered an order, *inter alia*, dissolving the marriage and dividing the parties' marital and non-marital property and debts. At the hearing on the dissolution, Ms. Fant appeared with her attorney but Mr. Charley failed to appear. Mr. Charley filed a notice of appeal of the dissolution decree with this court which was eventually dismissed.

Mr. Charley commenced this litigation by filing a petition on October 15, 1993, alleging that Ms. Fant had represented to him that at the time of their marriage she had not been previously married when, in fact, she had been married and divorced. He charged that her misrepresentation affected his decision to marry her.

Ms. Fant filed a motion to dismiss which the court eventually sustained and granted Mr. Charley leave to file an amended petition. He then alleged in his amended petition, *inter alia*, that prior to their marriages in 1984 (common law) and 1989 (ceremonial): (1) Ms. Fant represented that she had never previously been married to anyone else; (2) that representation was false; (3) she knew it to be false; (4) she intended for him to act upon the representation by marrying her; (5) he did not know that it was false; (6) he had a right to rely on her representation; and (7) her representation damaged him in that he entered into a marriage with her, causing much of his property to lose its true character and become marital property. Finally, he charged her with legal malice, claiming it entitled him to punitive damages. He sought only money damages relief and not an annulment.

The trial court dismissed the first amended petition for failure to state claim for which relief could be granted and ordered sanctions

assessed against Mr. Charley in the amount of $250 and against his attorney in the amount of $500.

On appeal, Mr. Charley raises three issues. In the first and second points, he argues that the trial court erred in dismissing his lawsuit on the ground that it was an improper collateral attack on the dissolution decree because *res judicata* and collateral estoppel do not bar his claim. The final point claims that the trial court erred in assessing sanctions against the client and attorney for filing the lawsuit.

■ The dismissal should be sustained on appeal if any ground supports the defendant's motion to dismiss, regardless of whether the trial court relied on that ground. *Dunaway v. Fellous*, 842 S.W.2d 166, 167 (Mo.App.1992). With this principle of law in mind, our review deals with whether a cause of action can be stated under these facts rather than an analysis of *res judicata* or collateral estoppel.

For the purposes of this review, we assume that the well-pled facts are true—specifically, that Ms. Fant induced Mr. Charley into marriage, which he would not have done otherwise, by telling him a falsehood regarding her previous marital status. He seeks redress by pleading fraud by virtue of Ms. Fant's misrepresentation. The elements of his claim are: 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of the falsity or ignorance of its truth; 5) the speaker's intent that the representation be acted upon by the hearer; 6) the hearer's ignorance of the falsity of the representation; 7) the hearer's reliance on the truth of the representation; 8) the hearer's right to rely on the representation; 9) the hearer's consequent and proximate injury. *Clark v. Olson*, 726 S.W.2d 718, 719 (Mo. banc 1987). The question here is whether the misrepresentation concerning Ms. Fant's prior marital status is material. Instructive cases are those which deal with annulments based upon a charge of fraudulent inducement to enter into the marriage relationship.

---

1. See *Whitley v. Whitley*, 778 S.W.2d 233, 239 (Mo.App.1989), in which this court held that an ex-husband's maintenance obligations ceased as a result of his ex-wife's common law marriage in the state of Texas.

These cases are helpful because they deal with the marital contract and whether the fraud is sufficient to cancel the contract between the parties.

As a general rule, a marriage will not be annulled by one of the parties on the basis of one of the parties' chastity prior to the marriage. *Woy v. Woy*, 737 S.W.2d 769, 774 (Mo.App.1987) (*quoting* 3 Nelson on Divorce and Annulment 2d § 31.39 at 322 (1945)). "The general rule in American jurisdictions is that misrepresentation or concealment of prior marital status is not ground for annulment of marriage." J. Evans, Annotation, *Concealment of or Misrepresentation as to Prior Marital Status as Ground for Annulment of Marriage*, 15 A.L.R.3d 759, 765 (1967). The fraud must be so essential as to create a bar to the marriage. *Id.* at 766.

In *Henderson v. Ressor*, 141 Mo.App. 540, 126 S.W. 203 (1910), the court held that proof of a spouse influencing the other to enter into marriage for the purpose of inheriting that person's property at death, standing alone, does not constitute fraud so as to invalidate the marriage. *Id.* 126 S.W. at 209. This court in *Woy*, not without some dissent, considered the wife's concealment of her lesbian activities and drug use before the marriage and held that those facts did not place her under a duty to disclose. *Woy*, 737 S.W.2d at 773–74. In other words, her concealment did not justify an annulment for her husband on the basis of fraud. *Id.* at 774.

In comparison, fraud or misrepresentation was found to be material to the essence of the marital contract in *Watson v. Watson*, 143 S.W.2d 349 (Mo.App.1940), and *Kshaiboon v. Kshaiboon*, 652 S.W.2d 219 (Mo.App. 1983). In *Watson*, this court held that concealment of the fact that one party was suffering from syphilis was a fraud that pertained to an essential of the marriage relationship and entitled the innocent party to an annulment. *Watson*, 143 S.W.2d at 350. In *Kshaiboon*, the husband lacked the physical and mental capacity to engage in a normal sexual relationship with his wife and was aware of this before the marriage. *Kshaiboon*, 652 S.W.2d at 220. The court determined that the sexual relationship is an essential element of the marriage and that

husband's concealment of his incapabilities justified an annulment. *Id.*

Finally, and more to the point, the Missouri Supreme Court considered a former husband's claim of fraud based on his former wife's misrepresentation of her affection for him in *Nebbitt v. Nebbitt*, 589 S.W.2d 297 (Mo. banc 1979). He argued that her failure to disclose her lack of love and affection for him was a tort which occurred before the marriage. He claimed his damages to be the loss of his personal property and his expenses in preparation for the marriage. The court concluded that "there is no cause of action in this or any other state for inducement into a valid marriage by misrepresenting affection...." *Id.* at 299. We repeat that holding in this case as it pertains to a cause of action for the fraudulent inducement into a valid marriage for failure to disclose a prior marriage.

If a charge of fraud falls short of constituting grounds for an annulment, it is questionable that it should reappear as a viable cause of action for money damages after the marriage has been dissolved. Ms. Fant's failure to advise her husband of her prior divorce was not an impediment to the fulfillment of the marriage relationship. Therefore, the plaintiff's cause of action fails because the misrepresentation of the wife's prior undisclosed divorce is not material to the inducement to marriage. The trial court did not err in sustaining Ms. Fant's motion to dismiss.

The second point complains that the trial court erred in its assessment of a fine for instituting and pursuing a frivolous claim. Mr. Charley's sole objection is that the court initiated the matter on its own motion and, therefore, it was obligated to provide him notice. He received no notice or opportunity to respond.

Rule 55.03(c) grants the trial court authority to impose sanctions, but specifically requires "notice and a reasonable opportunity to respond." Rule 55.03(c)(1)(B) articulates the trial court's authority to initiate sanctions for a frivolous action on its own motion. It states:

On Court's Initiative. On its own initiative the court may enter an order describing the specific conduct that appears to violate Rule 55.03(b) and directing a lawyer, law firm or party to withdraw or correct the questioned claim, defense, request, demand, objection, contention or argument or to show cause why it has not violated the rule with respect thereto.

The rule contemplates that if the court is to impose sanctions it must necessarily enter an order specifically identifying the questionable conduct or pleading and directing the attorney or party to withdraw the matter or, alternatively, explain why Rule 55.03(b) concerning frivolous matters is not violated. The rule requires notice with sufficient specificity to adequately inform the parties of the conduct or pleading with which the court is concerned. The court is given the authority to control frivolous actions on its own motion, but when those occasions arise, it must inform the appropriate parties of its intentions beforehand.

■ Mr. Charley argues that he received no notice. Ms. Fant remains silent and takes no position. Our review of the legal file and transcript discovers no show cause order or notice to Mr. Charley or his attorney. Therefore, we hold that the imposition of sanctions was error because of the trial court's failure to provide notice. Our decision should not be understood to condone Mr. Charley's cause of action as our inquiry into the propriety of the fine ends before a ruling on the merits is reached.

The trial court's judgment sustaining the defendant's motion to dismiss is affirmed, and its order assessing the fine against the attorney and Mr. Charley is reversed.

All concur.

